# WILLIAM S. MURRAY

## v.

# R. P. SMITH & SONS.

*Replevin—Goods Sold under False Representations—Death of Purchaser—Administration—Evidence—Witnesses.*

1.   To amount to a fraud, there must be a wilful, false, representation as to an existing or past fact.

2.   The rule that if a promise is made with the fraudulent intent in the mind of the maker not to keep it the breach of the promise may be regarded as a fraud, does not prevail in this State.

3.   Where an administrator, as such, obtains possession of goods of his intestate, and in that capacity in a given litigation is defending the title of the estate thereto, the adverse party is not competent to testify in his own behalf as to acts or conversations of the intestate or his agent during his lifetime, or as to facts or circumstances said to have occurred during his lifetime, from which an agency is to be inferred.

4.   To entitle the admission in evidence of a "financial statement," made to the representative of a wholesale house in the lifetime of an individual, in a litigation arising after his death and involving his estate, the giving thereof must be shown to have been the act of the deceased, or of his agent, duly authorized to make it.

[Opinion filed December 3, 1891.]

IN ERROR to the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. MARK MEYERSTEIN, for plaintiff in error.

Messrs. WITHERS & RAINEY, for defendants in error.

BOGGS, J.   The plaintiff in error, as administrator of the estate of Margaret J. Murray, had in his possession a stock of dry goods, boots and shoes, rubber goods, etc., among them the articles here involved.   The defendants in error, who are wholesale boot and shoe dealers in Chicago, claimed that the deceased had, by false and fraudulent representations, induced

them to sell certain of said goods to her, and that because of such fraud no title passed to her. They brought this, an action in replevin, to recover the possession of them, and to their declaration in replevin the appellant pleaded the title of his intestate and his possession as administrator. The goods were ordered of the defendants in error in June, 1890, and were shipped by them from Chicago to the deceased, August 6, 1890.

. The deceased was then and for some time before that had been engaged in the business of retailing dry goods, boots and shoes, etc., in Roodhouse, Illinois.

The goods so shipped to her were ordered in the regular course of business by her and when received were placed in her general stock, and sales made therefrom in the ordinary course of retail trade until the 31st day of August, 1890, at which date she died. Her husband, the plaintiff in error, was appointed administrator of her estate, and as such took possession of the entire stock of goods, including those involved in this proceeding. The cause was submitted to a jury for trial, and a verdict and judgment against plaintiff in error followed, to reverse which the cause is before us. The defendants in error, plaintiffs below, to sustain the allegation that the sale of the goods by them to the deceased was void because of false and fraudulent representations, introduced Ed. E. Smith, a member of their firm, as a witness. His competency to testify as to any facts or transaction occurring before the death of Mrs. Murray was objected to, but the objection was overruled and he was allowed to testify as a general witness. He testified, among other things, that he came to Roodhouse, May 27, 1889, to learn the financial condition of the deceased and what she had to pay with; that he was then in charge of the credit and collection department of his firm; that on that day he went to Mrs. Murray's store. She was not in, but her husband (the plaintiff in error) was; that the husband represented her in the business, did buying and selling for her and managed the business for her; that Mrs. Murray then owed his firm about $2,600; that he told Mr. Murray that he wanted a statement as to Mrs. Murray's financial condition, and

that Mr. Murray consented to make it; that he, the witness, produced a blank form for such statements; that Murray gave him the figures and he "filled them" in the blank with a pencil, and that Mr. Murray signed the name of the deceased to the statement; that Murray told him then that Mrs. Murray intended to confine her mercantile purchases to the witness' firm and Wear, Boogher & Co., of St. Louis; that the goods in controversy were shipped to the deceased on the faith of this statement; that at the time of the shipment his firm had no information that the financial condition of the deceased had changed; that Mr. Murray told him on the day that the statement was made, that the statement showed all that Mrs. Murray owed, and that the liabilities were for goods that were then in the store. The financial statement referred to by the witness was then offered in evidence and objected to, the grounds of the objection being that there was no competent evidence showing its execution by Mr. Murray, or that he had authority to sign the name of the deceased to it. This objection was overruled and the statement was read to the jury. .It is as follows:

"Statement made to R. P. Smith & Sons:

| LIABILITIES. | | ASSETS. | |
|---|---|---|---|
| Debts owing, due.. | $ 700.00 | Am't of stock in | |
| "      " not due | 3,500.00 | store and value | |
| Notes if any and | | thereof ........ | $ 8,000.00 |
| when due, June | | Book account con- | |
| 26, July 26,.... | 1,000.00 | sidered good.... | 3,000.00 |
| ............... | | Am't of stock in | |
| ............... | | transit.......... | |
| Incumbrance | | Cash on hand...... | |
| on real estate... | | Real estate........ | |
| Incumbrance | | Personal property | |
| on stock in store | | not exempt .... | 200.00 |
| Judgment if any.. | | | |
| Suits pending.... | ——— | Total assets,...... | $11,200.00 |
| Total liability.... | 5,200.00 | Liabilities,........ | 5,200.00 |
| Insurance on stock | 6,000.00 | | |
| "   on building | | As. over liabilities | $ 6,000.00 |

The above is a true and accurate statement of my assets and liabilities, and is made for the purpose of obtaining credit with

said R. P. Smith & Sons.   Should any injurious changes occur in my financial condition, I agree to notify R. P. Smith & Sons of the same before making further purchases.

M. J. MURRAY.   [SEAL.]

Chicago, Ills., May 27, 1889."

The false representations (if any) are to be found only in this statement and in other statements and verbal promises alleged by the witness, Ed. E. Smith, to have been made on the same day to him by Mr. Murray.

It should here be remarked that defendants in error claim that after the date of this statement an injurious change occurred in the financial condition of Mrs. M. J. Murray and that they were not notified thereof according to the agreement to do so in the statement, and that for that reason they had the right to declare the sale of the goods in question to be void and to recover them by replevin.   This last clause, whether it be good in law or not, rests alone upon the testimony of the same witness, one of the plaintiffs below.   The change in the affairs of Mrs. Murray, which defendants in error complain of as injurious to them, is that she borrowed about $3,600 from a savings and loan company to build a store-house in Roodhouse.   The evidence produced by the defendants in error shows that the store-house was built with her money and that the title to the property was in Mrs. Murray and remained so at the time of her death and was of value largely in excess of the amount loaned, which was the only incumbrance upon it.

The false and fraudulent representations complained of are, that Mrs. Murray did not, after the making of the statement, confine her mercantile indebtedness to the firm of the defendants in error and Wear, Boogher & Co., as the witness Ed. E. Smith, one of the defendants in error, testified that Mr. Murray, when the statement was made, promised, as her agent, should be done, and that the liabilities of Mrs. Murray were in fact nearly $6,000 in excess of the amount given in the statement signed by the husband.   It is admitted that an indebtedness of $800 was not included.   This was secured by a mortgage on the homestead of Mrs. Murray of the value of

$1,200, and the real estate was not given as an asset, nor the mortgage upon it as a liability. Joseph A. Ferguson, the father of Mrs. Murray, had let her and each of his other children have money, which he testified he told them they would not have to pay back unless he or his wife needed it; that he took notes from the children but had never collected anything on them; that he and his children and Mr. Murray all understood the money was conditionally given to them. Mrs. Murray had received in this way $2,800 when the statement was made. This was omitted from the liabilities in the statement. Murray, plaintiff in error, testified that he did not mention when the statement was made the indebtedness of $2,600 to the defendants in error because the witness Smith, who made the addition and figures that day, knew about that as it was coming to the firm of which he was a member. The total of these three items somewhat exceeds the amount of the alleged omitted liabilities, the omission of which it is claimed constituted false and fraudulent representations sufficient to warrant the defendants in error in declaring the sale void and in reclaiming the goods by replevin. This much has been stated somewhat in detail in order that the character and materiality of the testimony of the witness Ed. E. Smith might appear, and for the further purpose of enabling us to point out an error which we think occurred in giving instruction number eight and one-half for the plaintiff below. The verdict of the jury was for the plaintiff below, and their conclusion, it is manifest to us, must have rested largely upon it if it was not based entirely upon the testimony of Smith.

If he was incompetent to testify as to such facts, the judgment should be reversed. As a member of the firm of Smith & Sons he was a party to the record, and also directly interested in the result of the suit.

At the common law he would not have been a competent witness. The provision of our statute is that no party to, or person directly interested in the result of an action shall be allowed to testify of his own motion or in his own behalf when the adverse party defends as an administrator of a deceased person except in certain specified cases.

His evidence does not fall within any of these exceptions. The plaintiff in error obtained possession of the goods in controversy as an administrator, and in that capacity was defending the title of the estate to them.    In such case an adverse party is not competent to testify in his own behalf as to the acts or conversation of the intestate or her agent, or as to facts or circumstances said to have occurred during her lifetime, from which an agency is to be inferred.

The objection to the competency of this witness should have been sustained, and it was error to overrule it.

The objection to the admissibility of the " financial statement" in evidence was also well taken.    To entitle it to be received in evidence it must have been shown to have been the act of the deceased, or of her agent, duly authorized to make it.    The only proof of either was the testimony of the witness Smith, one of the appellees; he was, as we have before held, incompetent to testify as to such alleged facts, and there was therefore no valid evidence of the execution of the statement.

The financial statement should have been excluded and without it the whole case fails.

Instruction number eight and one-half given for defendants in error is as follows:

" Number eight and one-half.    The court instructs the jury that if you find from the evidence in this case that Wm. S. Murray, acting as the agent of M. J. Murray, on the 27th day of May, 1889, agreed with the plaintiffs that if any injurious changes occurred in the financial condition of the said M. J. Murray, the plaintiffs should be notified of said injurious changes before any further purchases of goods were made, and if you find from the evidence that afterward an injurious change did take place in the financial condition of the said M. J. Murray, and that after said change the goods in question were purchased, and the plaintiffs were not notified of said injurious change prior to the purchase of said goods, then you should find the issues for the plaintiffs."

The financial statement contains an agreement that if any injurious change occurs in the financial condition of the

deceased, notice thereof would be given Smith & Sons before any further purchases were made. This, it will be observed, is not a representation as to any existing or past fact, but is only a promise to do an act in the future. A failure to comply with such a promise does not constitute fraud. The general rule is that to amount to fraud there must be a wilful, false representation as to an existing or past fact.

It is true that some authorities hold that if a promise is made with the fraudulent intent in the mind of the maker not to keep it, then a breach of the promise may be regarded as a fraud. Bigelow on Fraud, pages 11 and 12.

If such could be held to be the rule in Illinois it could avail the defendant in error nothing because there is no proof that the promise in this case was so made; but such is not the rule in our State. In the case of Gage v. Lewis, 68 Ill. 604, it is said: "Deceitful representations must assert a fact or facts existing in the present tense. A promise to perform an act though accompanied at the time with an intention not to perform it, is not such a representation as can be made the ground of an action at law. The party should sue upon the promise, and if this be void he has no remedy. Even if at the time he (the maker of the promise) made the promises he did not intend to comply with them, it was but an unexecuted intention which has never been held to constitute fraud."

Tested by this rule instruction number eight and one-half should not have been given.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*