WILLIAM M. MURPHY et al.

*v.*

MARY C. MURPHY et al.

*Opinion filed February 20, 1901.*

1. EQUITY—*when bill to set aside deed does not make a case for equitable jurisdiction.* A bill by the heirs of a grantor to set aside their ancestor's deed, upon the theory that the grantee procured the deed by agreeing to pay the consideration, which he never did pay and never intended to pay, presents simply a case of a contract unperformed by the grantee, the remedy for which is a suit at law for the purchase money by the grantor in his lifetime, or by his personal representatives.

2. SAME—*a false representation of intention is not ground for relief in equity.* As distinguished from false representation of a matter of fact, the false representation of a matter of intention, although it may have influenced the transaction, is not a fraud in law, nor does it afford a ground for relief in equity.

3. FRAUD—*making a promise not intending to keep it is not fraud.* Even if, at the time a promise to do an act in the future is made, it is not intended to comply with it, it is but an unexecuted intention, and not, in itself, fraud.

4. PLEADING—*allegation of fraud upon mere information and belief is not sufficient.* An allegation of fraud upon information and belief is not sufficient, unless the facts upon which such belief is founded are set forth.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ABNER SMITH, Judge, presiding.

This is a bill in chancery, filed on April 27, 1898, by the plaintiff in error, William M. Murphy, against the defendant in error, Mary C. Murphy and seven other persons, who are brothers and sisters of the said William

M. Murphy, and children of Thomas Murphy, hereinafter mentioned, some of whom are plaintiffs in error herein, and some of whom are defendants in error herein, and also against Phelps B. Hoyt, trustee hereinafter named, and also one of the defendants in error herein. The bill was amended by making William M. Hoyt a defendant thereto.

The bill alleges that, on February 6, 1898, Thomas Murphy, a widower, aged sixty-seven years, died at his homestead, 319 Illinois street, Chicago, intestate, leaving him surviving the complainant below, William M. Murphy, and the defendants below, Joseph H., Thomas M., Frank G., John S., and James R. Murphy and Mary A. Fullen and Kate Flemming, his children and only heirs-at-law; that decedent left no personal property and no debts; that no letters of administration have been taken out on his estate; that, August 31, 1883, the executors of William B. Ogden, deceased, by warranty deed, conveyed to the same ancestor, Thomas Murphy, the east half of lot 10, in block 18, in Kinzie's addition to Chicago, otherwise known as 319 Illinois street; that said Thomas Murphy occupied said premises with his family, said children, until the time of his death; that on December 24, 1895, said Thomas Murphy, being still seized in fee thereof, conveyed the said premises to said Joseph H. Murphy by warranty deed for an expressed consideration of $5000.00, subject to a mortgage of $4000.00 payable to William M. Hoyt; that January 24, 1896, said Joseph H. Murphy by warranty deed conveyed said premises to Mary J. Crane for an expressed consideration of one dollar; and that said Mary J. Crane has since intermarried with, and is now the wife of, said Joseph H. Murphy, and is a defendant by the name of Mary C. Murphy. The bill then makes the allegation, which is set forth in full in the opinion. The bill further alleges, that said premises are now occupied by said John S. and James R. Murphy and Mary A. Fullen as a dwelling house, and in part by the Mur-

phy Bros. Ice Company, in which some or all of said brothers are interested, as a business office; that the defendant, Phelps B. Hoyt, claims some interest·in said premises, which, if it exists, is subject to the rights of the complainant. The bill waives answer under oath, and prays that the said Mary C. Murphy be decreed to hold the said premises in trust for complainant, and the other heirs of said Thomas Murphy, deceased; that the said conveyances to said Joseph H. Murphy and Mary J. Crane be set aside and held for naught; and for general relief.

The death of Frank G. Murphy was suggested by the complainant, but the heirs of Frank G. Murphy do not appear to have been made parties to the proceeding. It does not appear, whether Frank G. Murphy was a bachelor, or a widower, or a married man, or whether he left his brothers and sisters above named as his only heirs-at-law, or left children, or other persons, as his only heirs-at-law.

General demurrers were filed to the bill by Joseph H. Murphy and Mary C. Murphy, and by Phelps B. Hoyt and William M. Hoyt. The demurrers were sustained, and the bill was dismissed by the court below. The plaintiff in error, William M. Murphy, stood by his bill, and prosecutes the present writ of error to this court from the decree of the ·circuit court, sustaining the demurrer and dismissing the bill.

ALBION CATE, for plaintiffs in error.

E. L. BARBER, and JOHN M. CURRAN, for defendants in error Mary C. Murphy and Joseph H. Murphy.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The following allegation in the bill filed in this case, taken in connection with the other allegations of the bill, as set forth in the statement preceding this opinion, pre-

sents the questions, which arise upon a demurrer to the bill, to-wit: "That neither the said Joseph H. Murphy, nor Mary J. Crane, paid any consideration for said property; that your orator is informed and believes, that said Joseph H. Murphy procured said warranty deed from said Thomas Murphy by agreeing to pay him $5000.00 therefor, but your orator states that said Joseph H. Murphy never intended to pay his father any part of said $5000.00 but that said promise was a device to and did mislead the said Thomas Murphy, and to enable the said Joseph H. and his wife to get said property without consideration, and to exclude the said brothers and sisters from and deprive them of their natural rights and interests in said property, or the proceeds thereof, as the heirs of said Thomas Murphy."

The main question, presented by the demurrer, is whether the allegation, so as above quoted from the bill, was sufficient as a charge of fraud against the defendants in error, Joseph H. Murphy and Mary C. Murphy, to have justified the court below in retaining the bill, and requiring it to be answered.

The bill seeks to set aside the deeds to Joseph H. Murphy and Mary C. Murphy upon the theory, that Joseph H. Murphy procured a warranty deed to himself from Thomas Murphy by agreeing to pay him the sum of $5000.00, the said Joseph H. Murphy never intending, however, to pay that sum, and never having paid the same. The bill presents simply the case of a contract unperformed on the part of the grantee. This being so, the remedy is clearly at law, and suit should have been brought by Thomas Murphy in his lifetime, or by his personal representatives, for the purchase money.

But, independently of this consideration, the bill merely charges a false representation as to a matter of intention. The allegation is, that Joseph H. Murphy procured the deed from Thomas Murphy by agreeing to pay him $5000.00 therefor. If he agreed to pay $5000.00 there-

for, he in effect announced his intention to pay $5000.00, and the only charge of fraud is, that he did not intend to pay, when he represented that he did intend to pay. In other·words, the allegation in question involves a mere promise to do a thing in the future. The representation can only be regarded as fraudulent and false from the fact, that Joseph H. Murphy never did pay $5000.00 for the property in question, and, therefore, was guilty of a breach of his promise, and nothing more. It follows, that the bill does' not show such fraud on the part of Joseph H. Murphy in procuring the execution and delivery of the deed, as will authorize a court of equity to set it aside.

The law upon this subject is well settled.· Kerr, in his work on Fraud and Mistake, (Bump's ed. p. 88) says: "As distinguished from the false representation of a fact, the false representation as to a matter of intention, not amounting to a matter of fact, though it may have influenced a transaction, is not a fraud at law, nor does it afford a ground for relief in equity." The foregoing statement of the law has been quoted with approval by this court in the following cases, to-wit: *Gage* v. *Lewis*, 68 Ill. 604; *People* v. *Healy*, 128 id. 9; *Haenni* v. *Bleisch*, 146 id. 262. A false representation, within the meaning of the law, must be a representation as to an existing or past fact, and not merely a promise to do an act in the future. "A failure to comply with such a promise does not constitute fraud. The general rule is that, to amount to fraud, there must be a willful, false representation as to an existing or past fact." (*Murray* v. *R. P. Smith & Sons*, 42 Ill. App..548).

In *Gage* v. *Lewis, supra,* it was said "that to warrant an action for a deceitful representation it must assert a fact or facts as existing in the present tense. A promise to perform an act, though accompanied at the time with an intention not to perform, is not such a representation as can be made the ground of an action at law. The

party should sue upon the promise, and if this be void
he has no remedy." (*Gallagher* v. *Brunel*, 6 Cow. 346).
Even if at the time when such representations, amount-
ing to a mere promise to do an act in the future, are
made, it is not intended to comply with them, it is but
an unexecuted intention, which has never been held of
itself to constitute fraud. (*Gage* v. *Lewis, supra*).

In *Haenni* v. *Bleisch, supra,* it appeared, that a father
induced one of his daughters to make a deed, and repre-
sented that, if she would do so, he would pay the value
of the lands, conveyed to her, in money or other property;
and this representation was held to be a mere promise to
do a thing in the future; it was also there held that the
representation, so made by the father to his daughter,
could not be regarded as fraudulent and false, as the only
allegation of fraud and falsehood consisted in the fact
that the father never did pay the value of the lands to
his daughter, and this fact was held to have amounted
merely to a breach of the promise, and nothing more.
In the case at bar, the allegations of the bill are similar
to those in the case of *Haenni* v. *Bleisch, supra,* and must
be governed by the principles there announced.

"In alleging fraud, it is well settled, both at law and
in equity, that the mere general averment, without set-
ting out the facts, upon which the charge is predicated,
is insufficient.  *  *  *  It is essential that the facts and
circumstances which constitute it (the fraud) should be
set out clearly, concisely, and with sufficient particu-
larity to apprise the opposite party of what he is called
upon to answer." (9 Ency. of Pl. & Pr. pp. 686, 687; *Brooks*
v. *O'Hara,* 8 Fed. Rep. 529; *Jones* v. *Albee,* 70 Ill. 34; *Klein*
v. *Horine,* 47 id. 430).  In *Smith* v. *Brittenham,* 98 Ill. 188,
we said: "Charges of fraud should not be general, but
the facts should be stated upon which the charges are
based."  Here, the bill does not state the circumstances,
under which the deed from Thomas Murphy to Joseph
H. Murphy was executed, nor does it state in what the

agreement, claimed to have been made with fraudulent intent on the part of Joseph H. Murphy, consisted. The agreement is the foundation, upon which the plaintiff in error, William M. Murphy, seeks to base his claim for relief, but it does not appear from the bill when the agreement was made, or whether it was oral or in writing, or when the money was to be paid, nor does the bill state clearly any of the terms of the agreement.

Moreover, the allegation of fraud, as made in the present bill, is made upon information and belief; and "an allegation of fraud upon information and belief can not be sustained, unless the facts, upon which the belief is founded, are stated in the pleadings." (9 Ency. of Pl. & Pr. p. 694; *Brooks* v. *O'Hara, supra*). "A mere statement that the plaintiff is informed, or is informed and believes, puts in issue only his information and belief, and not the truth or falsity of the facts thus referred to." (3 Ency. of Pl. & Pr. p. 363; *Walton* v. *Westwood,* 73 Ill. 125).

In view of what has been said, the allegation in the present bill cannot be regarded as charging any agreement whatever between Thomas Murphy and Joseph H. Murphy as to the payment of $5000.00. The demurrer does not admit the existence of the agreement, but only the information and belief of the complainant in the bill upon the subject. As the fraudulent intent is based upon this supposed agreement, the bill fails to allege fraud with sufficient clearness.

For the reasons above stated, we are of the opinion that the bill was demurrable, and that the general demurrers thereto were properly sustained by the court below.

Accordingly, the decree of the court below in dismissing the bill is affirmed.               *Decree affirmed.*