(No. 30633.—

IRENE RODA, Appellant, *vs.* JOSEPH A. BERKO *et al.,*
Appellees.

*Opinion filed September 24, 1948—Rehearing denied Nov. 11, 1948.*

336

PAUL D. PERONA, of Spring Valley, and TAYLOR E. WILHELM, of Ottawa, for appellant.

CLYDE E. MITCHELL, and FREMONT M. KAUFMAN, both of La Salle, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from the circuit court of La Salle County wherein the plaintiff, Irene Roda, filed an amended complaint in equity against Joseph A. Berko and Yvonne Berko, his wife, requesting that a warranty deed executed by plaintiff to Joseph A. Berko be cancelled and held void by reason of false representation made by the grantee. The property involved consisted of eight and one-half acres of land located in the city of Oglesby in La Salle County. A motion to dismiss was filed by defendants averring that the amended complaint failed to state a cause of action. This motion was sustained and plaintiff elected to stand by her pleadings and the court entered a decree dismissing the amended complaint for want of equity. From that decree plaintiff prosecutes this appeal.

The only question presented by this appeal is whether the allegations of the amended complaint state a cause of action authorizing a court of equity to set aside the deed from plaintiff to Berko, by reason of fraud on his part in procuring its execution and delivery.

The amended complaint alleges that on and prior to June 14, 1945, the date of the execution of the deed, plaintiff was the owner and in possession of the property in question, which was included in and a part of about thirty-five acres owned by said plaintiff, the whole of which was situated in what is commonly known as the factory area of the city of Oglesby. It is alleged that there is located on the northeast corner of the thirty-five acre tract a two-story modern mercantile building belonging to plaintiff, which, before the above date, was worth at least $30,000; that along the east side of the property plaintiff had rented space to persons who built homes thereon ranging in cost and value from $3000 to $10,000; that the Eicor factory is located on the north and is a modern factory employing about 300 men and women and was built through the efforts of the citizens

of the city at a cost of more than $100,000; that plaintiff is 75 years old, sickly and in constant pain; that she is Italian by birth and is unable to read and understand the English language; that Joseph Berko, hereinafter referred to as the defendant, informed the plaintiff through her son who acted as interpreter, that he was honest and she could rely on him to do what he said; that defendant had several conferences and discussions with her in which the purposes for which he was buying the real estate in question were stressed and considered; that he falsely, fraudulently and deceitfully stated to plaintiff that he would use said tract for factory purposes and would build thereon a modern factory costing more than $100,000, for the making of prefabricated houses and that the same would increase the value and rental income of the remaining property of plaintiff.

It is further alleged in the complaint that on June 14, 1945, when Berko left plaintiff's home to get the deed made she informed him she wanted a condition in the deed to defendant, that unless the premises were used for a factory, said real estate would revert to her; that the defendant did not explain to her, and she did not know, that the deed did not contain such condition, and she signed same relying on the statements of the defendant after he had fraudulently stated she could rely on him with complete confidence and he would reconvey if no factory was constructed within 3 months thereafter, and assured plaintiff said premises would not be used for any other purpose; that plaintiff learned afterwards that defendant then knew he or someone else would use said premises for a junk yard; that he fraudulently, false, wilfully and deceitfully obtained said deed from said plaintiff for the purpose of using said premises for a factory when he knew that he or someone else would use it for a junk yard.

Plaintiff further alleged in her amended complaint that as a result of the promises made by the defendant, and

acting and relying thereon, she conveyed said premises to him for the sum of $3300; that after she made the conveyance she sent her son to defendant to see him in regard to same and that Berko stated he never intended to build a factory thereon but purchased the property for a junk yard, and that if he had told her of his intention she would not have sold it to him; that by arrangement between defendant and one William Brennan the property is being used by Brennan as a junk yard, where old cars, rags and other junk articles are placed and junk is stored and sold at retail; that it is an ugly sight and eyesore, and said junk yard constitutes a nuisance.

It is further alleged in the amended complaint that as a result thereof plaintiff's adjoining property has suffered and will continue to suffer decreased values; that persons who now rent space for their homes will move when their leases are up; that the mercantile building has and will decrease in value; that all of the rental income and profits from all of said real estate will decrease and that she has lost sales of the vacant property for other factories; that on July 15, 1945, as soon as she discovered said representations were false, she tendered to the defendant the purchase price and demanded that he reconvey and surrender to her possession of said premises but he refused and still refuses so to do; that plaintiff is willing, able and will repay to him the purchase price whenever the said premises are reconveyed to her; that the defendant Joseph A. Berko, for the purpose of cheating and wronging the plaintiff and inducing her to convey to him the said premises, made the above misrepresentations knowing the same to be false and fraudulent; and that the plaintiff was induced thereby to make the conveyance.

A misrepresentation, in order to constitute fraud which will warrant a court of equity in rescinding a contract, must contain the following elements: It must be a representation in the form of a statement of a material fact,

made for the purpose of inducing the other party to act. It must be false and known by the party making it to be false, or not actually believed by him, on reasonable grounds, to be true. The party to whom it is made must be ignorant of its falsity, must reasonably believe it to be true, must act thereon to his damage, and in so acting must rely upon the truth of the statement. (*Bouxsein* v. *First Nat. Bank,* 292 Ill. 500; *Krankowski* v. *Knapp,* 268 Ill. 183; *Gillespie* v. *Fulton Oil and Gas Co.* 236 Ill. 188; *Prentice* v. *Crane,* 234 Ill. 302.) It is required in a complaint in equity to rescind a contract for fraud to state the same elements as are necessary to be stated in an action at law for fraud and deceit. *Johnston* v. *Shockey,* 335 Ill. 363.

This court has held that in order to constitute a fraud in law the representation must be an affirmance of fact and not a mere promise or expression of opinion or intention. (*Luttrell* v. *Wyatt,* 305 Ill. 274.) As distinguished from a false representation of fact, a false representation of intention or future conduct, if not amounting to a matter of fact, is not a fraud in law. (*Murphy* v. *Murphy,* 189 Ill. 360.) It is also the rule that a promise to perform an act, though accompanied at the time with an intention not to perform it, is not such a false representation as will constitute fraud sufficient to predicate thereon a cause of action. (*Luttrell* v. *Wyatt,* 305 Ill. 274; *Miller* v. *Sutliff,* 241 Ill. 521; *Murphy* v. *Murphy,* 189 Ill. 360.) However, in cases where the false promise or representation of intention or of future conduct is the scheme or device to accomplish the fraud and thereby cheat and defraud another of his property, equity will right the wrong by restoring the parties to the positions they occupied before the fraud was committed. *Luttrell* v. *Wyatt,* 305 Ill. 274; *Abbott* v. *Loving,* 303 Ill. 154.

Here the amended complaint contains allegations of fact showing upon their face that defendant desired to purchase the property in question for use as a junk yard, but stated

to plaintiff he was buying it for factory purposes and none other, and that he would build a factory thereon for the making of prefabricated houses, and that the plaintiff believed such statements to be true, and, relying thereon, sold and conveyed to him the property.

It is apparent from what has been pointed out and from the allegations, that the amended complaint states a good cause of action predicated on fraud in the making of false representations. This holding seems to be in harmony with the principles announced in *Luttrell* v. *Wyatt*, 305 Ill. 274, *Abbott* v. *Loving*, 303 Ill. 154, and numerous other decisions of this court.

It is contended by the defendant that his promise and false representations do not amount to a statement of fact and therefore do not constitute a fraud in law, and his approach in this respect depends upon the language used by this court in *Gage* v. *Lewis*, 68 Ill. 604; *People ex rel. Ellis* v. *Healy*, 128 Ill. 9; *Murphy* v. *Murphy*, 189 Ill. 360, and *Bielby* v. *Bielby*, 333 Ill. 478. He points out that a promise to perform an act, although accompanied at the time with an intention not to perform it, is not such a false representation as will constitute fraud. It is true, as we have above pointed out, that this is the general rule, but this general rule is subject to qualification and does not apply to the case we are here considering. The language used in some of the cases, standing alone, would seem to support defendant's contention, but when such language is limited, as it must be, by the facts and circumstances of the particular case, it is entirely consistent with the conclusion we have reached in this case. In none of the cases cited by defendant were facts shown establishing that the promise or representation was a deliberate fraud by which a party had been induced to act to his damage, and in none of them was the existence of the fraud relied on shown by anything other than the broken promise.

It was further contended by the defendant that the amended complaint does not state a cause of action because it shows that plaintiff failed to use the means of knowledge open to her to acquaint herself with the contents of the deed. It was argued that she could have protected herself against the fraud of her grantee by insisting upon and making certain that the deed contained the reverter clause which she requested, and that her failure to do so constitutes negligence which the grantee may successfully interpose as a defense to his fraudulent conduct. It is true that if plaintiff had been sufficiently suspicious and had exercised a high degree of care, she might have protected herself against the fraud which her grantee perpetrated upon her. In most cases if the intended victim of a fraud is suspicious of the party with whom he is dealing and exercises a high degree of care he will discover the fraud, but where there is an intentional and deliberate fraud, as appears from the allegations of the amended complaint in this case, it is not the privilege of the perpetrator of the fraud to interpose the defense that the one defrauded was not sufficiently careful to discover the fraud and prevent its accomplishment. In such a case one cannot impute negligence as against his own deliberate fraud and say that the party defrauded gave him too much credit for honesty. (*Hess* v. *Weicker*, 308 Ill. 270.) While the law does require of all parties the exercise of reasonable prudence in the business of life and does not permit one to rest indifferent in reliance upon the interested representations of an adverse party, yet even where parties are dealing at arm's length, if it appears that one party has been guilty of an intentional and deliberate fraud, the doctrine is well settled that he cannot defend against such fraud by saying that the same might have been discovered had the party whom he deceived exercised reasonable diligence and care. (*Linington* v. *Strong*, 107 Ill. 295.) This is a well-settled rule, recognized both at law and in equity.

A further contention made is that the amended complaint fails to state a cause of action because it does not allege fraud or conspiracy on the part of the notary and the grantee in order to impeach the notary's certificate to the deed. It is urged the amended complaint attempts to impeach the notary's certificate by inferentially alleging that there should have been a condition in the deed limiting the future use of the property. If the allegation of fraud in the amended complaint depended solely on the contention that the grantee promised to have a condition in the deed limiting the future use of the property and did not do so, and that the deed was executed and acknowledged by the grantor thinking such condition was there as promised, there might be some merit to defendant's contention. If the transaction were encompassed on this one proposition, it would be necessary to allege and prove some conspiracy between the officer taking the acknowledgment and the grantee or that the officer practiced imposition or fraud on the grantor. (*Fitzgerald* v. *Fitzgerald,* 100 Ill. 385.) Here, as we have pointed out, the representations which constituted fraud, if proved, were sufficient, and it is not necessary to consider defendant's contention in this respect. This attack upon the sufficiency of the amended complaint is therefore without merit, and the cases cited by appellee in support thereof are inapplicable.

In accordance with our views heretofore expressed, the decree of the circuit court of La Salle County is reversed, and the cause is remanded to that court, with directions to overrule the motion to dismiss, and to permit the appellees-defendants to answer the amended complaint if they so desire.

*Reversed and remanded, with directions.*