Thomas CLELAND, Plaintiff,

v.

Jerry STADT, Stadt Agencies, Inc., a corporation d/b/a Inquiry Services, and Penton/Industrial Publishing, Inc., a corporation, Defendants.

No. 87 C 4218.

United States District Court, N.D. Illinois, E.D.

Sept. 11, 1987.

Joseph P. Schreiber, Jay A. Baier Ltd., Chicago, Ill., for plaintiff.

Robert S. Bell, Jr., Peter Andjelkovich & Associates, Chicago, Ill., David M. Elston (Penton/Industrial), Kirkland & Ellis, Chicago, Ill., for defendants.

MEMORANDUM OPINION
AND ORDER

ASPEN, District Judge.

Plaintiff Thomas Cleland brings this action against defendants Jerry Stadt, Stadt Agencies, Inc., and Penton/Industrial Publishing, Inc. The defendants move to dismiss. For the reasons stated below, defendants' motions to dismiss are denied.

I

Cleland's complaint sets forth the following factual allegations which we take as true for purposes of this motion to dismiss.

As a result of conversations between Cleland and Stadt, Cleland entered into an oral contract with Stadt and Stadt Agencies. Penton was not a party to the contract. Pursuant to the contract, Cleland arranged a meeting between Stadt Agencies and Penton. From that meeting and subsequent negotiations, Penton and Stadt Agencies made an agreement which included, among other things, Stadt Agencies' providing Penton with a computer software program. Under the terms of Cleland's contract with Stadt Agencies, Cleland was to receive a percentage of all monies earned by Stadt Agencies from its deal with Penton. Stadt, Stadt Agencies, and Penton benefited financially from the meeting that Cleland arranged.

Count I of Cleland's complaint seeks an accounting of monies due from Jerry Stadt and Stadt Agencies under the oral contract, and a mandatory injunction that Stadt and Stadt Agencies comply with the terms of the contract. Count II seeks damages from Penton, Stadt, and Stadt Agencies on a theory of unjust enrichment. Penton moves to dismiss Count II. Stadt and Stadt Agencies move to dismiss both counts.

## II

### Penton's Motion to Dismiss

Penton contends that Count II fails to state an unjust enrichment claim because Cleland alleges no facts that indicate Cleland performed its services for Penton, that Cleland ever expected to receive payment from Penton, or that Penton ever accepted or acknowledged that Cleland was performing services for Penton. In support of its position, Penton refers to a number of Illinois decisions that set forth these pleading requirements in cases in which the plaintiff is trying to recover from a third party that benefits from the performance of plaintiff's alleged contractual duties to another. While Cleland must ultimately prove these requirements of Illinois substantive law [1] in order to prevail in the action, *Gibbs–Brower International v. Kirchheimer Brothers*

*Co.*, 611 F.Supp. 122, 126 (N.D.Ill.1985), Cleland need not allege them explicitly under federal notice pleading.

■ This court will grant a motion to dismiss for failure to state a claim under Rule 12(b)(6) only if under no set of facts alleged in the complaint can the plaintiff obtain the relief requested. *McIntosh v. Magna Systems, Inc.*, 539 F.Supp. 1185, 1189 (N.D.Ill.1982). In a diversity action, we assess the adequacy of the pleadings under federal law, rather than the stricter requirements of Illinois law. *Hernas v. City of Hickory Hills*, 507 F.Supp. 103, 105 (N.D.Ill.1981). Specifically, Cleland's complaint need only set forth "a short and plain statement of the claim." Fed.R.Civ. P. 8(a). As long as the defendants are on sufficient notice of the nature of the claim, the plaintiff has satisfied federal pleadings requirements. *Folsom v. Continental Illinois National Bank and Trust Company*, 633 F.Supp. 178, 187 (N.D.Ill.1986).

■ We have stated clearly that "to recover under a theory of unjust enrichment, Plaintiffs must plead and prove that [defendants] 1) received benefits which, under the circumstances, 2) would be unjust for them to retain." *Folsom*, 633 F.Supp. at 187. The plaintiff must plead the specific amount conferred upon the defendants. *Id.* Further, the plaintiff need plead only the conclusion that the conferral of such a benefit without compensation would be unjust.

■ Cleland has satisfied these requirements. Count II alleges that Penton "was able to locate and procure a computer software program which it offered to advertisers as part of a promotional campaign, resulting in increased competitiveness and increased revenues," and that Penton was thereby unjustly enriched. Complaint, Count II, ¶¶ 8–9. Cleland's complaint states a claim upon which relief can be granted and therefore survives Penton's motion to dismiss.

---

**1.** We agree with the parties that Illinois law is the governing law. *Rubin v. Rudolf Wolff Commodity Brokers, Inc.*, 636 F.Supp. 258 (N.D.Ill. 1986).

## III

### Stadt's Motion to Dismiss Count I

Jerry Stadt and Stadt Agencies (hereinafter, collectively "Stadt") move to dismiss Count I based on three theories:[2] (1) that Cleland has not alleged mutuality of agreement, an element of contract formation; (2) that the statute of frauds, Ill.Rev.Stat. ch. 59, § 2 (1985), bars Cleland's action; and (3) that Cleland has not alleged sufficient facts to justify equitable relief. We reject each of these and conclude that Cleland has stated a claim upon which relief can be granted.

### A

Stadt first contends that Cleland's failure to allege specific facts establishing mutuality of agreement between the parties warrants a motion to dismiss for failure to state a claim. This contention would require Cleland to plead with more particularity than the federal rules of civil procedure dictate.

▆ In a contract action, the plaintiff must allege the formation of a contract, the terms of that contract, performance by plaintiff, breach by defendant, and damages. *Bank Itec N.V. v. J. Henry Schroder Bank & Trust*, 612 F.Supp. 134, 137–38 (S.D.N.Y.1985); 2A Moore, § 8.17[6]. Plaintiff need not allege each of the elements of contract formation. Thus, for example, we have denied a motion to dismiss for the mere failure to allege sufficient consideration. *Brudnicki v. General Electric Co.*, 535 F.Supp. 84, 87 (N.D.Ill. 1982). Similarly here, whether there was mutuality of agreement to establish an enforceable contract is an issue of fact to be proven at trial, not in the pleadings.

Cleland has alleged the formation of an oral contract, the relevant terms of the contract, the performance of his duties under the contract, a breach by Stadt, and damages. Cleland has alleged sufficient facts to state a breach of contract claim.

### B

Stadt next contends that since the alleged contract is oral and not capable of being fully performed within one year, the statute of frauds bars an action for breach of that contract. Cleland responds that Cleland's complete performance of his duties under the contract takes it outside the reach of the statute of frauds. Stadt replies that disagreement between the parties on the terms of the contract precludes Cleland's allegation of full performance. We find that Cleland has alleged sufficient facts to overcome the statute of frauds bar.

It is well-established that the statute of frauds does not render an oral contract unenforceable if one party to the contract has completely performed. *Kozasa v. Guardian Electric Manufacturing Company*, 99 Ill.App.3d 669, 677, 54 Ill.Dec. 920, 927, 425 N.E.2d 1137, 1144 (1st Dist. 1981). This exception recognizes that the statute of frauds is "designed to prevent false claims by requiring a writing to evidence the parties' contractual intent. [Citation omitted.] When one party fully performs his part of the alleged oral contract, however, the courts recognize that this very performance strongly indicates the existence of a contract." *Meyer v. Logue*, 100 Ill.App.3d 1039, 1043–44, 56 Ill.Dec. 707, 710, 427 N.E.2d 1253, 1256 (1st Dist. 1981).

▆ An allegation of complete performance by the plaintiff allows the plaintiff to maintain the breach of contract action and prove the existence and terms of the oral contract. Thus, allegations of the terms of the contract and the complete performance by the plaintiff will overcome the statute of frauds bar at the pleadings stage. *Butcher v. United Electric Coal Co.*, 174 F.2d 1003 (7th Cir.1949). Cleland has alleged the terms of the oral contract and the full performance of his contractual duty to arrange a meeting between Penton and Stadt. Accordingly, at this stage of the

**2.** In addition, Stadt argues that Count I joins Penton in derogation of § 2–405 of the Illinois Code of Civil Procedure, Ill.Rev.Stat. ch. 110, § 2–405. Cleland did not join Penton in the Count I claim. Further, we are not bound by Illinois joinder requirements.

litigation, Cleland's action is not barred by the statute of frauds.

## C

Finally, Stadt challenges Cleland's requests for equitable relief. Stadt argues that Cleland cannot maintain an equitable action that seeks an accounting because Cleland has an adequate remedy at law in the form of damages. Stadt further argues that Cleland cannot maintain an action seeking a mandatory injunction because Cleland has not alleged that the wrongs to be enjoined will be committed in the future. Dismissal on these grounds is inappropriate even if Stadt's contentions have merit because Cleland has alleged enough to support an action at law seeking damages.

■ It is axiomatic that a case should not be dismissed on the mere ground that the plaintiff has sought equitable relief when the action is legal in nature. 4 Wright & Miller, Federal Practice and Procedure: Civil § 1044. Thus, as long as the plaintiff sets forth sufficient allegations to support a contract action for damages, the inappropriateness of the accounting or mandatory injunction request cannot justify dismissal even if the plaintiff does not specifically request damages. As discussed in the previous section of this opinion, Cleland has set forth sufficient allegations to support a breach of contract action for damages. Therefore, dismissal is not warranted.

■ We conclude, however, that Cleland has not, on the face of the pleadings, convinced us that an equitable accounting is appropriate.[3] The Supreme Court has set forth the standards for granting an equitable accounting:

The necessary prerequisite to the right to maintain a suit for an equitable ac-

counting, like all other equitable remedies, is, as we pointed out in *Beacon Theatres* [*Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959)], the absence of an adequate remedy at law. Consequently, in order to maintain such a suit on a cause of action cognizable at law, as this one is, the plaintiff must be able to show that the "accounts between the parties" are of such "a complicated nature" that only a court of equity can satisfactorily unravel them. *Dairy Queen v. Wood,* 369 U.S. 469, 478, 82 S.Ct. 894, 900, 8 L.Ed.2d 44 (1962).

The Seventh Circuit warns us that "[a] suit for damages is not equitable merely because ... the plaintiff describes his action as one for an accounting and the computation of damages will require 'a look into the plaintiff's business records.'" *Medtronic, Inc. v. Intermedics, Inc.,* 725 F.2d 440, 443 (7th Cir.1984). We must be "convinced that this case surpasses the limits of jury competence" before we will deny the possibility of a legal remedy of damages in favor of an equitable accounting. *Radial Lip Machine, Inc. v. International Carbide Corp.,* 76 F.R.D. 224, 228 (N.D.Ill. 1977).

We are not convinced at this point that the calculation of damages is too complex for the trier of fact. Cleland suggests that a damages calculation would entail a look at a variety of contractual arrangements between Stadt and others. Without more, we cannot at this time[4] limit the available relief to an equitable accounting.

## IV

### Stadt's Motion to Dismiss Count II

■ Stadt contends that Cleland has not stated a claim for unjust enrichment upon which relief can be granted.[5] Cle-

---

3. Our conclusion notifies the parties that the issue of damages is to be decided by the trier of fact.

4. Should we later decide that the complexity of the damages justifies an accounting, we are of course free to grant an equitable accounting over a damages determination by the trier of fact.

5. We find no merit in Stadt's alternative theories of dismissal of Count II. As to Stadt's argument that Cleland's complaint does not comply with the requirements of § 2–405 of the Illinois Code of Civil Procedure, we reiterate that we are a federal court, not an Illinois state court. As to Stadt's contention that the statute of frauds bars Count II, it is well-settled that the statute applies only in a breach of contract

land's allegations satisfy the federal pleading requirements that we outlined earlier in this opinion. Cleland alleges that Stadt and Stadt Agencies "received monies from the licensing and/or sale of the computer software program, and from related services and business opportunities," and were thereby unjustly enriched. Complaint, Count II, ¶¶ 6–7. Cleland's complaint states a claim upon which relief can be granted and therefore survives Stadt's motion to dismiss.

## V

## CONCLUSION

Cleland has alleged sufficient facts in Count I to state a claim of breach of oral contract and overcome the statute of frauds. Cleland has alleged sufficient facts in Count II to state a claim of unjust enrichment against Stadt, Stadt Agencies, and Penton. Accordingly, Penton's and Stadt and Stadt Agencies' motions to dismiss are denied. It is so ordered.

action, and not in an action for unjust enrichment. *Welt v. Koehring Co.,* 482 F.Supp. 437 (N.D.Ill.1979).