KAREN P. AULT, Plaintiff-Appellant, v. C.C. SERVICES, INC., Defendant-Appellee.

Third District No. 3—91—0928

Opinion filed July 17, 1992.—Rehearing denied September 3, 1992.

C. Don Weston, of Macomb, for appellant.

Ronald Henson, of Barash, Stoerzbach & Henson, of Galesburg, and Kirk R. Ruthenberg, of Sonnenschein, Nath & Rosenthal, of Washington, D.C. (Amy L. Bess, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Karen P. Ault, filed a complaint alleging fraud and deceit on the part of the defendant, C.C. Services, Inc. The defendant filed a motion to dismiss the complaint for failure to state a cause of action pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—615). The court granted the motion, dismissing the complaint with prejudice. The plaintiff subsequently filed motions to vacate the dismissal and for leave to amend the complaint. These motions were denied. Plaintiff appeals. We affirm.

This case arises solely on the pleadings. Consequently, all well-pleaded facts in the complaint are deemed to be true. *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634.

The original complaint alleged the defendant is an Illinois corporation acting as an agent for several insurance companies. The plaintiff alleged in her complaint that she was fraudulently induced into entering into a "Trainee Agents' Agreement" with the defendant. According to the complaint, from the late summer of 1986 up until March 18, 1987, certain agents of the defendant indicated to her that another employee, Mark DeSelms, would be terminated and that the plaintiff would be assigned his accounts. These accounts were for people residing in the Village of Roseville and certain unnamed townships in the southern part of Warren County.

The plaintiff's complaint further alleged the defendant failed to terminate the employment of Mark DeSelms and did not reassign his accounts. The complaint alleged the misrepresentations were knowingly false in that the defendant did not intend to terminate Mark DeSelms or transfer the accounts to the plaintiff. The complaint claimed the plaintiff relied to her detriment on the defendant's false promises, causing her $465,000 in damages. This amount allegedly represents plaintiff's lost income and other benefits.

The trial court dismissed with prejudice the plaintiff's complaint. The court found the alleged statements made by agents of the defendant were statements of future intent rather than statements of present or preexisting facts and, therefore, were insufficient to state a cause of action in fraud. The court also noted that the plaintiff had not alleged that the misrepresentations by the defendant were part of a scheme to defraud her.

The plaintiff's subsequent motion to vacate was based on her assertion that in Illinois a scheme to defraud does not have to be pleaded in order to state a cause of action for promissory fraud. The plaintiff proffered a two-count amended complaint that was substantially similar to the original complaint; however, the amended com-

plaint included the names of the agents who allegedly made the misrepresentations to her. Additionally, count II of the amended complaint alleged the representations and promises of the defendant were part of a scheme to defraud the plaintiff.

The court denied the plaintiff's motion to vacate on the grounds that an action for promissory fraud in Illinois has to include well-pleaded allegations that the promises or representations of the defendant were part of a scheme to defraud the plaintiff. The court also found that the proffered amended complaint did not cure the defects of the original complaint.

Plaintiff asserts on appeal that she has properly asserted a cause of action for fraud under Illinois law.

The standard of review on appeal from a grant of a motion to dismiss a complaint is whether the complaint alleged facts which sufficiently state a cause of action. *Melton v. Central Illinois Public Service Co.* (1991), 220 Ill. App. 3d 1052, 581 N.E.2d 423.

■ To state a cause of action for fraud, a plaintiff must allege the following elements: (1) a false statement of material fact; (2) known or believed to be false by the party making it; (3) made to induce the other party to act; (4) action by the other party in justifiable reliance on the truth of the statement; and (5) damage to the other party resulting from such reliance. (*H P I Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.* (1989), 131 Ill. 2d 145, 545 N.E.2d 672.) These elements of fraud must be pled with particularity, specificity, and certainty. *Trautman v. Knights of Columbus* (1984), 121 Ill. App. 3d 911, 460 N.E.2d 350.

Generally, under Illinois law there is no action for promissory fraud, meaning that the alleged misrepresentations must be statements of present or preexisting facts, and not statements of future intent or conduct. See *H P I Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.* (1989), 131 Ill. 2d 145, 545 N.E.2d 672; *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634.

■ In the instant case, the complaint claimed agents of the defendant allegedly told the plaintiff another employee was to be terminated and his accounts reassigned to her. We find the alleged misrepresentations in the instant case concern future intentions or conduct on the part of the defendant. Because plaintiff has alleged broken promises by the defendant rather than material misstatements of fact, we find the original complaint failed to allege material misrepresentation of preexisting or present facts. Therefore, the original complaint failed to state a cause of action for fraud, and the trial

court properly granted the defendant's motion to dismiss and properly denied the plaintiff's motion to vacate.

The plaintiff contends count II of the proffered amended complaint properly alleged the misrepresentations were part of a scheme to accomplish a fraud, and that the trial court erred in denying the plaintiff's motion to file her amended complaint. She contends the allegations in count II are sufficient to fall within the recognized exception to the general rule against promissory fraud actions.

In *Roda v. Berko* (1948), 401 Ill. 335, 340, 81 N.E.2d 912, 915, the Illinois Supreme Court stated: "[I]n cases where the false promise or representation of intention or of future conduct is the scheme or device to accomplish the fraud and thereby cheat and defraud another of his property, equity will right the wrong by restoring the parties to the positions they occupied before the fraud was committed."

Under the *Roda* exception, promises are actionable if the false promise or representation of future conduct is alleged to be the scheme employed to accomplish the fraud. *Steinberg v. Chicago Medical School* (1977), 69 Ill. 2d 320, 371 N.E.2d 634.

Recently, in *H P I Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.* (1989), 131 Ill. 2d 145, 545 N.E.2d 672, the Illinois Supreme Court held the plaintiff in that case had sufficiently stated a cause of action alleging a scheme or device to accomplish an alleged fraud. In *H P I Health Care*, the complaint alleged the defendants employed a scheme of repeated and numerous knowingly false promises and representations that the defendant hospital would be able to pay amounts due and owing under the terms of a pharmaceutical services agreement. The complaint was detailed and specific, listing each of the exact promises made to the plaintiff and the dates on which each of these promises were made. The court found the specific factual allegations were sufficient to support the complaint's conclusion that the defendants employed a scheme.

In the instant case, the plaintiff's amended complaint was not detailed and specific, but merely alleged that between late summer of 1986 and March 18, 1987, Billy Ray Wills and Michael Stenger, acting as agents of the defendant, represented to the plaintiff, with the intent to induce the plaintiff into entering into a contract, that another employee would be terminated and she would be assigned his accounts. We find the plaintiff has not set out the kind of specific factual allegations that would support an inference that the defendant had participated in a scheme to defraud her. The plaintiff's allegations of a scheme contained in count II of the amended complaint are in the nature of a legal conclusion rather than a factual allegation. Legal

conclusions unsupported by allegations of specific facts are insufficient to state a cause of action. (*Estate of Johnson v. Condell Memorial Hospital* (1988), 119 Ill. 2d 496, 520 N.E.2d 37.) Therefore, the court was correct in not allowing the amended complaint.

For the above reasons, the judgment of the circuit court of Warren County is affirmed.

Affirmed.

BARRY, P.J., and GORMAN, J., concur.