ORIX CREDIT ALLIANCE,
INC., Plaintiff,

v.

TAYLOR MACHINE WORKS,
INC., Defendant.

No. 93 C 3265.

United States District Court,
N.D. Illinois, E.D.

Jan. 6, 1994.

Michael J. O'Rourke, Thomas G. Griffin, O'Rourke & Griffin, Chicago, IL, for Orix Credit Alliance, Inc.

Brian William Bell, Aaron Thomas Shepley, Swanson, Martin & Bell, Chicago, IL, for Taylor Mach. Works, Inc.

## MEMORANDUM OPINION

GRADY, District Judge.

Before the court is the motion of defendant Taylor Machine Works, Inc. ("Taylor") for dismissal under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). As explained below, the motion is granted in part and denied in part.

### FACTS

For purposes of this motion, we take the allegations in the complaint as true: In early 1991, Gallo Equipment Company ("Gallo") asked plaintiff ORIX Credit Alliance, Inc. ("ORIX") to provide it with financing in the amount of $400,000.00 to acquire marine forklift equipment. Because ORIX doubted Gallo's credit-worthiness, Gallo asked Taylor—a large manufacturer of marine forklift equipment and one of Gallo's suppliers—to guarantee the loan. In June 1991, William D. Metts, Taylor's director of marketing, sent ORIX a letter promising that a division of Taylor would purchase the forklifts in the

event Gallo defaulted on the proposed loan. The letter states in relevant part as follows:

> If Gallo fails to meet the loan commitment on the above machines [specific model numbered forklifts] Tempco which is a division of Taylor Machines would buy these trucks from ORIX at the above prices.

Complaint Ex. A. Metts sent ORIX another letter a few days later promising that Tempco would purchase another forklift if Gallo defaulted. Complaint Ex. B. In reliance on those letters, ORIX provided the requested financing. Gallo subsequently defaulted on the loan, and in October 1992 ORIX demanded that Taylor purchase the forklifts. Claiming the letters were forgeries, Taylor refused to purchase the forklifts, and ORIX filed suit.

Counts I and II of the complaint seek a declaration of the existence of an enforceable contract binding Taylor to purchase the forklifts and $300,000.00 in damages for breach of that contract. Count III alleges that Taylor, by lying about its intention to purchase the forklifts in the event of Gallo's default, fraudulently induced ORIX to provide the financing. Count IV, entitled tortious interference with contractual rights—has been voluntarily dismissed. *See* ORIX's Response to Motion to Dismiss, at 3 n. 1. Taylor has moved to dismiss the complaint on several grounds, which the court addresses in turn.

## DISCUSSION

In considering a motion to dismiss, a court must draw all reasonable inferences from the pleadings in plaintiff's favor. *Gillman v. Burlington N.R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir.1989). Dismissal is appropriate " 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir.1991) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)).

### Counts I and II—Breach of Contract

■ Taylor contends that ORIX has sued the wrong party, namely that Tempco (or Temtco), a separate and independent corporation, undertook the obligation to purchase the forklifts if Gallo defaulted on the loan. Taylor also argues Counts I and II should be dismissed in any event because ORIX does not specify the consideration for Taylor's promise to purchase the forklifts or satisfaction of the conditions precedent to Taylor's obligation.

Contrary to Taylor's contention, the complaint adequately alleges that Taylor was a party to the contract. According to the letters attached to the complaint as exhibits, an officer of Taylor offered to purchase the forklifts on behalf of Tempco, which the officer described as a division of Taylor and not as a subsidiary with a separate corporate identity. The legal identity of Tempco and its relationship to Taylor are factual issues not appropriate for determination on this motion to dismiss.

■ Assuming that Taylor is a proper defendant, Counts I and II state a cause of action for breach of contract. Orix has alleged, or the court may infer from ORIX's allegations, the following: (1) Taylor's offer to purchase the forklifts upon Gallo's default; (2) ORIX's acceptance of this offer; (3) the prices of the particular forklifts Taylor agreed to purchase; (4) ORIX's tender of the forklifts to Taylor for purchase; (5) Taylor's refusal to purchase the forklifts; and (6) damages. *See Cleland v. Stadt*, 670 F.Supp. 814, 817 (N.D.Ill.1987) (listing elements of a cause of action for breach of contract).

■ The complaint's allegations or inferences drawn from them also satisfy the requirement for pleading ORIX's satisfaction of the conditions precedent to Taylor's obligation, *i.e.*, Gallo's default and the tender of the forklifts. Under Federal Rule of Civil Procedure 9(c), "it is sufficient to aver generally that all conditions precedent have been performed or have occurred." Taylor's contention that ORIX was not capable of tendering the forklifts, or that the assembled forklifts do not exist, is outside the four corners of the complaint.

■ ORIX's failure to specify the consideration for the guarantee does not require dismissal. Under Federal Rule of Civil Procedure 8(a)(2), plaintiff need only set forth "a short and plain statement of the claim showing [he] is entitled to relief." As applied to a claim for breach of contract, the Federal

Rules of Civil Procedure do not require plaintiff to allege each of the elements of contract formation, such as sufficient consideration. *Cleland,* 670 F.Supp. at 817.[1]

While Taylor ultimately may be correct that an enforceable contract does not exist, that determination is inappropriate on this motion. The motion to dismiss Counts I and II of the complaint is denied.

### Count III—Fraudulent Inducement

■ As to the fraud count, ORIX states only that "[o]n information and belief, Taylor had no intention of honoring its written repurchase guaranties to ORIX at the time they were made." Complaint ¶ 19. Taylor argues the fraud count should be dismissed because fraud cannot be based on a false promise about a future event. It is well-established under Illinois law that a plaintiff does not state a cause of action for fraud merely by alleging that the defendant had no intention to perform when the contract was made. *Ronco, Inc. v. Plastics, Inc.,* 539 F.Supp. 391, 395 n. 5 (N.D.Ill.1982).

■ A misrepresentation about an intention to act in the future, however, may be actionable if it is part of a scheme employed to accomplish fraud. *Ault v. C.C. Services, Inc.,* 232 Ill.App.3d 269, 173 Ill.Dec. 746, 749, 597 N.E.2d 720, 723 (1992). The case of *Roda v. Berko,* 401 Ill. 335, 81 N.E.2d 912 (1948), illustrates a scheme to defraud. In that case, Berko induced Roda to sell him a tract of land by promising to build a factory on the land. Instead, he intended to, and in fact did, lease the land to a third party for use as a junkyard, which decreased the value of Roda's adjacent property. Berko knew that if he revealed his actual intention to use the land as a junkyard, Roda would not have agreed to the sale. The false representation, although pertaining to a future event, was actionable fraud because it was part of a scheme or device "used to cheat . . . another of his property." *Roda,* 81 N.E.2d at 915.

ORIX makes no allegations suggesting that Taylor's promise to purchase the forklifts in the event of Gallo's default was part of a scheme to defraud such as described in *Roda.* ORIX does not even explain why it believes Taylor never intended to perform the contract. *See Kimmel v. Peterson,* 565 F.Supp. 476, 482 (E.D.Penn.1983) (allegations pled on information and belief do not satisfy the specificity requirements of Rule 9(b), but the objective of the rule may be satisfied if the allegations are accompanied by a statement of the facts upon which the belief is founded). Even though Illinois courts have described the scheme-to-defraud exception as swallowing the general rule against "promissory fraud," ORIX's mere assertion that Taylor had no intention to later purchase the forklifts cannot be sufficient to state a cause of action for fraud; otherwise, every breach of contract claim could also be a fraud claim. The motion to dismiss Count III is allowed.

### Indispensable Parties

■ According to Taylor, Gallo and its principals ("the Gallo parties") are indispensable parties, so the court should require the joinder of those parties or, if joinder is not feasible, dismiss the complaint under Federal Rules of Civil Procedure 12(b)(7) and 19 (compulsory joinder). Rule 19 applies where nonjoinder would prevent complete relief from being accorded among those who are parties to the action. Fed.R.Civ.P. 19(a)(1); *see also* Wright, Miller & Kane, Federal Practice and Procedure, § 1604, at 37. It also applies where the absentee "claims an interest relating to the subject matter of the action and is so situated" that his absence from the action will have a prejudicial effect on his ability to protect his own interests or will "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." Fed.R.Civ.P. 19(a)(2).

---

1. Although not clear from the complaint, it appears that Taylor sold Gallo the equipment at issue. *See* ORIX's Response to Motion to Dismiss, at 1. If that is the case, perhaps Taylor's guarantee was in exchange for the benefit of securing a sale of its equipment. According to ORIX, it would not have provided the financing without the guarantee. Providing a loan in reliance on a guarantee may also be a bargained-for detriment. *See Serpe v. Williams,* 776 F.Supp. 1285 (N.D.Ill.1991) (consideration consists of any act or promise which is of benefit to one party or to the detriment of the other).

Taylor maintains that the Gallo parties are indispensable because (1) whether Gallo defaulted is a dispositive issue in this action; (2) ORIX must show it pursued its remedies against Gallo—by foreclosing its security interest—before seeking to enforce Taylor's guarantee; (3) ORIX must enforce the personal guarantees of the Gallo principals before seeking to enforce Taylor's guarantee; (4) ORIX may receive a double recovery if Gallo is not joined in this action, given that ORIX has filed a claim against Gallo in Gallo's bankruptcy action to recover on the defaulted loan; and (5) if Taylor is found liable, it may not have adequate recourse against Gallo without joinder.

The court is not persuaded that the Gallo parties are indispensable under Rule 19. As to Taylor's first three arguments in favor of compulsory joinder or dismissal, the alleged contract does not require ORIX, in the event of Gallo's default, to pursue remedies against other parties before bringing an action against Taylor. *See Istituto Mobiliare Italiano, S.p.A. v. Motorola, Inc.*, 689 F.Supp. 812, 817 (N.D.Ill.1988) (secured creditor's failure to act against the assets securing the loan does not vitiate the liability of an unconditional guarantor). In any event, whether Gallo defaulted and whether ORIX needed to foreclose the security interest and seek enforcement of the principals' personal guarantees before bringing an action against Taylor are questions which can be decided without Gallo being joined as a party.

Similarly, as to Taylor's fourth argument, ORIX's pursuit of a claim against Gallo does not prevent it from obtaining a judgment against the guarantor. *See G & S Foods, Inc. v. Vavaroutsos*, 438 F.Supp. 122, 125 (N.D.Ill.1977). To the extent ORIX recovers against Gallo in the bankruptcy proceedings, Taylor's liability is decreased, and any judgment entered against Taylor would take into account any such recovery.

Regarding the final argument in favor of compulsory joinder or dismissal, Taylor does not explain what recourse it would have against the bankrupt Gallo, why it would not have adequate recourse against Gallo's principals without compulsory joinder, or, if joinder of Gallo's principals is not feasi-

ble, why equity and good conscience require dismissal under Federal Rules of Civil Procedure 12(b)(7) and 19. *Cf. Colorado Nat'l Bank of Denver v. Adventura Assocs.*, 757 F.Supp. 1167, 1169 (D.Colo.1991) (finding that the guarantor was not an indispensable party in an action by a lender against the debtor). Under the purported contract, it would appear that ORIX is entitled to Taylor's performance regardless of Taylor's right or ability to seek what is in effect indemnification from the Gallo parties.

## CONCLUSION

For the reasons explained above, the court rules as follows: (1) the motion to dismiss is denied as to Counts I and II of the complaint; (2) Count III is dismissed without prejudice, and plaintiff is given until January 17, 1994, to amend that count if it can properly allege a scheme to defraud; (3) Count IV is voluntarily dismissed; and (4) the motion for compulsory joinder of the Gallo parties, or for dismissal if joinder is infeasible, is denied; and (5) defendant is given until February 1, 1994, to answer the complaint. A status hearing is set for February 8, 1994, at 9:30 a.m.