## MISSOURI-KANSAS-TEXAS RAILROAD COMPANY *v.* MARS ET AL.

No. 88. Submitted November 28, 1928.—Decided January 2, 1929.

*Messrs. Fred L. Wallace, Charles C. Huff,* and *Joseph H. Barwise* submitted for plaintiff in error.

*Messrs. James A. Templeton* and *Robert L. Carlock* submitted for defendant in error.

MR. JUSTICE BUTLER delivered the opinion of the Court.

The predecessor of plaintiff in error was the Missouri, Kansas and Texas Railway Company of Texas. In 1915, its properties were placed in the hands of a receiver ap-

pointed by the United States court for the northern district of Texas. In 1917, defendants in error obtained a judgment in the district court of Dallas County, Texas, against that company and another carrier on a claim for damages to cattle being transported prior to the appointment of the receiver. The judgment was allowed as an unsecured claim. Pursuant to an order of court, the receiver sold the railroad properties subject, among other things, to claims under Art. 6625 of the 1911 Revised Civil Statutes of Texas (Art. 6422, 1925 Revision). The purchasers and their associates organized plaintiff in error and transferred to it the railway properties aforesaid, and that company continued to operate them in the service of the public as a common carrier. Defendants in error brought this suit to recover from plaintiff in error the amount remaining unpaid and to have foreclosed a lien therefor which they claimed to have under Art. 6625 upon the railroad properties so acquired. Plaintiff in error maintained that the state statute is repugnant to § 20a of Interstate Commerce Act, U. S. C., Tit. 49. The district court adjudged defendants in error entitled to recover, held the claim to be within the purview of Art. 6625 and a lien upon the railroad properties, and decreed foreclosure. The court of civil appeals reversed. The supreme court reversed the latter and in all things affirmed the decree of the district court. The case is here under § 237 (a), Judicial Code.

The pertinent parts of Art. 6625 follow: " In case of a sale of the property and franchises of a railroad company within this State the purchaser . . . and associates . . . may form a corporation . . . for the purpose of acquiring, owning, maintaining and operating the road so purchased . . .; and, when such charter has been filed, the new corporation shall have the powers and privileges then conferred by the laws of this State upon chartered railroads . . . The property and franchises so purchased

shall be charged with and subject to the payment of all subsisting liabilities and claims for death and personal injuries . . . for loss of and damage to the property sustained in the operation of the railroad by the sold out company . . . and for the current expenses of such operation."

The provisions of § 20a relied on by plaintiff in error are: Paragraph (2). " It shall be unlawful for any carrier to issue any share of capital stock or any bond or other evidence of interest in or indebtedness of the carrier (hereinafter in this section collectively termed ' securities ') or to assume any obligation or liability . . . in respect of the securities of any other person . . . even though permitted by the authority creating the carrier corporation, unless and until, and then only to the extent that . . . the [Interstate Commerce] Commission by order authorizes such issue or assumption." Paragraph (7) declares the jurisdiction of the Commission shall be exclusive and plenary. Paragraph (11) provides that any security issued or assumed without or contrary to the authorization of the Commission shall be void. It makes the carrier, directors and officers, who participate in such unauthorized issue or assumption liable for the damage sustained by one purchasing any such security without notice, and prescribes penalties for violations.

Plaintiff in error does not contend that the claim of the defendants in error is not covered by the terms of Art. 6625 or that, considered without regard to § 20a, it would not be effective to charge the property. The purpose of that article is to subject the property of the railroad to payment of claims of the classes specified and to prevent their defeat by a transfer of the property. And clearly § .20a relates exclusively to securities. It regulates those to be issued by the carrier and its assumption of liability or obligation in respect of those issued by others. And it declares the consequences to follow violations of the re-

quirements prescribed. It does not in any manner re-late to liability for, or the payment of, claims specified in Art. 6625. Its field of operation is wholly distinct from that covered by the state enactment.

It requires no discussion or citation of authority to show that there is no conflict between Art. 6625 and the provisions of § 20a of the Interstate Commerce Act referred to. The contention of plaintiff in error is without merit.

*Decree affirmed.*