Raymond **WILHOITE**, Plaintiff,

v.

**FASTENWARE, INC.**, Defendant.

No. 72 C 1872.

United States District Court, N. D. Illinois, E. D.

March 2, 1973.

Kenneth K. Ditkowsky, Ditkowsky & Contorer, Chicago, Ill., for plaintiff.

Marvin A. Miller, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

AUSTIN, District Judge.

Plaintiff Wilhoite, a former employee of the defendant corporation, has brought this two count action for damages arising out of Fastenware's alleged failure to perform its duties under their employment contract and for unlawfully terminating that agreement. For the reasons stated below, defendant's motion to strike Count II of the second amended complaint is denied.

In order to place this motion to strike Count II in its proper perspective, it should be noted first that Count I is a simple claim for breach of the written terms of a contract. Among others, defendant allegedly breached a promise, found in paragraph 1 of the contract, to pay Wilhoite 10% of its net shipped sales should a sales quota of $225,000 be achieved during his tenure as Fasten-ware's sales manager. Similarly, Count II relies upon the same representation to state a cause of action for fraud. In essence, Count II asserts that at the time Fastenware agreed to pay the 10%, it really had no intention of ever doing so and thus falsely represented a material fact upon which plaintiff detrimentally relied. To be precise, the fact falsely represented was the defendant's intent at the time of contracting.

■ Although the complaint fails to allege any basis for this court's jurisdiction as required by Rule 8(a) of the Federal Rules of Civil Procedure, it appears that plaintiff seeks to invoke this court's diversity jurisdiction under 28 U.S.C. § 1332 (1970) and that it has satisfied the requirements of that statute. Hence, Illinois law, including its choice of law rules, governs this case. Klaxon Co. v. Stentor Electric Mfg. Co., 313 U. S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The sufficiency of the fraud allegations in Count II must be tested in accordance with the laws of the State of Illinois because that is the place in which the contract containing the false representations was made. Restatement (Second) of Conflict of Laws § 148 (1971).* Furthermore, although plaintiff was hired to supervise defendant's sales activities in Illinois and "other territories that may be assigned," defendant's business is centered primarily in this state. Wilhoite v. Fastenware, Inc., No. IP 71–C–618 (S.D.Ind. July 24, 1972). Thus, Illinois is also the place where plaintiff primarily acted in reliance on the misrepresentations. Therefore, under the applicable choice of law rules for fraud and misrepresentation, Count II shall be tested under Illinois law.

---

* Although the court was unable to find any Illinois decisions specifically adopting § 148, Illinois has adopted the Second Restatement for other wrongs, e. g. torts. Ingersoll v. Klein, 46 Ill.2d 42, 262 N.E.2d 593 (1970). Thus the application of the Second Restatement in this case is not only the better rule, but probably the one that the courts of Illinois will follow when given the opportunity.

In order for a representation to be considered fraudulent, it is well established that the declarant must have made a false statement of fact with knowledge of the falsity at the time he said it. An action for fraud at common law further requires that the fact be material, that the declarant know or have good reason to expect reliance on his statement by the plaintiff, and that there was in fact such reliance, causing damages. Roda v. Berko, 401 Ill. 335, 81 N.E.2d 912 (1948). Count II alleges that defendant misrepresented its intent to perform the contract. Although the general rule in Illinois is "that a promise to perform an act, though accompanied at the time with an intention not to perform it, is not such a false representation as will constitute fraud," a false representation of intent is actionable when claimed to be the scheme used to accomplish the fraud. Roda v. Berko, 401 Ill. at 340, 81 N.E.2d at 915; Carroll v. First National Bank of Lincolnwood, 413 F.2d 353, 358 (7th Cir. 1969).

The meaning of this exception to the general rule was explained in Roda v. Berko, 401 Ill. at 341, 81 N.E.2d at 915, where the defendant similarly asserted that a false declaration of intention was not actionable:

> In none of the cases cited by defendant were facts shown establishing that the promise or representation was a deliberate fraud by which a party had been induced to act to his damage, and in none of them was the existence of the fraud relied on shown by anything other than the broken promise.

Certainly this standard places a substantial burden of proof upon plaintiff Wilhoite, but mere problems of proof should not preclude him from attempting to sustain that burden, however great. Defendant has adequate notice of plaintiff's claim in Count II and therefore its motion to strike that count shall be denied.