**D. Eugene NUGENT, Plaintiff,**

v.

**AMERICAN LOUVER COMPANY et al.,
Defendants.**

**No. 74 C 887.**

United States District Court,
N. D. Illinois, E. D.

May 7, 1975.

Edward S. Silber, Kenneth R. Mischner, Price, Cushman, Keck, Mahin & Cate, Chicago, Ill., for plaintiff.

William L. Littlejohn, Littlejohn, Glass & McCarthy, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

KIRKLAND, District Judge.

This matter comes before the Court on motion by defendant Glass to strike and dismiss Count III of the complaint. The action is for recovery of compensatory and punitive damages for alleged fraud in the inducement.

Jurisdiction is invoked under 28 U.S. C. § 1332, alleging diversity of citizenship and that the amount in controversy exceeds $10,000 exclusive of interest and costs.

Count I of the complaint alleges that plaintiff was induced to leave his employment of twenty years and accept employment with defendant American Louver Company (American). Count I then alleges that defendant American failed to compensate plaintiff as agreed in the contract.

Count II alleges that after the breach by American, defendant Glass Gorham induced plaintiff to enter its employ, with the representation that it would pay all debts due and owing plaintiff by defendant American. Count II alleges

11. Conklin Affidavit ¶ 25.

that defendant Glass Gorham then refused to compensate plaintiff as agreed.

Count III re-alleges Counts I and II and further alleges that defendant Walter Glass, acting on behalf of both corporate defendants, knowingly made false representations to plaintiff regarding compensation, with the intention that plaintiff should rely on such representations and accept employment with and perform services for each of said companies. It further alleges that plaintiff did rely to his detriment on defendant Glass' misrepresentations and that defendant Glass has at all relevant times directed both corporate defendants to refuse to pay the compensation owing to plaintiff.

The issue is whether under Illinois law Count III of the complaint states a claim against defendant Walter Glass for false representation.

Defendant argues that Illinois follows the minority rule that future promises or expectations do not constitute fraud and will not support an action for false representation. Fraud in the inducement must be based upon representation of a past or existing fact and cannot rest on a promise to do an act in the future. Sinclair v. Sullivan Chevrolet Co., 31 Ill.2d 507, 202 N.E.2d 516 (1964); Classic Bowl, Inc. v. AMF Pinspotters, Inc., 403 F.2d 463 (7th Cir. 1968).

Plaintiff argues that this case falls within the exception to that rule, that a false representation of intent is actionable when claimed to be the scheme used to accomplish fraud. Wilhoite v. Fastenware, Inc., 354 F.Supp. 856 (N.D.Ill. 1973); Carroll v. First National Bank of Lincolnwood, 413 F.2d 353 (7th Cir. 1969); Howard v. Howe, 61 F.2d 577 (7th Cir. 1932).

Defendant argues that the exception to the rule must be established by evidence which demonstrates the deliberate nature of the fraud or a scheme or plan which is false in nature and which results in the fraud. Defendant asserts that Count III "is susceptible to proof by the broken promise alone and, therefore, should be dismissed".

Evidentiary proof is a matter for determination at trial and not on a motion to dismiss. The Court must consider only whether the complaint sufficiently alleges a fraudulent scheme.

Paragraph 20 of Count III alleges that:

Defendant Walter Glass at all times relevant knowingly made false representations to plaintiff regarding compensation from Glass-Gorham and American with the intention that plaintiff should rely on such representations and accept employment with and perform services for each of said companies.

The Court considers itself bound by the holding in Wilhoite v. Fastenware, Inc., *supra*. Judge Austin, referring to the complaint, stated:

In essence, Count II asserts that at the time Fastenware agreed to pay the 10%, it really had no intention of ever doing so and thus falsely represented a material fact upon which plaintiff detrimentally relied. To be precise, the fact falsely represented was the defendant's intent at the time of contracting. (354 F.Supp. at 857)

This Court is of the opinion that Count III has sufficiently alleged a fraudulent scheme by defendant Glass at the time the contract was entered into. As further noted by Judge Austin:

Certainly this standard [requiring evidence of scheme] places a substantial burden of proof upon plaintiff Wilhoite, but mere problems of proof should not preclude him from attempting to sustain that burden, however great. (354 F.Supp. at 858)

Defendant has adequate notice as to the nature of plaintiff's claim and Count III is not vague or indefinite. Defendant's motion to strike and dismiss is denied. Defendant is directed to answer Count III of the complaint within 20 days after entry of this order.