546 F.2d 1252
 Fed. Sec. L. Rep. P 95,876
Shirley WOOLF and Robert Milberg, Plaintiffs-Appellants,
v.
S. D. COHN & COMPANY and Sidney D. Cohn, Defendants
Third-Party Plaintiffs- Appellees,
FIBERGLASS RESOURCES CORPORATION, Third-Party Defendant.
Shirley WOOLF et al., Plaintiffs-Appellants,
v.
S. D. COHN & COMPANY et al., Defendants Third-Party
Plaintiffs-Appellees,
v.
FIBERGLASS RESOURCES CORPORATION, Third-Party Defendant-Appellee.
 Nos. 73-4044, 74-2449.
 United States Court of Appeals,
Fifth Circuit.
 Feb. 14, 1977.
Rehearing Denied March 15, 1977.
 
 Lewis W. Miles II, Richard E. Reckson, Miami, Fla., for plaintiffs-appellants.
 Aaron Podhurst, Robert Orseck, Miami, Fla., for defendants third-party plaintiffs-appellees.
 Terrence J. Russell, Fort Lauderdale, Fla., for Fiberglass Resources Corp.
 Appeals from the United States District Court for the Southern District of Florida.
 Before RIVES, WISDOM and COLEMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Supreme Court of the United States, on writ of certiorari, vacated the judgments of this Court in this cause and remanded the cause "for further consideration in light of TSC Industries v. Northway, Inc., 426 U.S. ---- (1976)".
 
 
 2
 TSC Industries, Inc. v. Northway, 1976, 426 U.S. 438, 96 S.Ct. 2126, 48 L.Ed.2d 757, involved an alleged violation of the Securities and Exchange Act of 1934 and rules promulgated under the Act in regard to proxy statements. In its opinion in that case the Supreme Court, in the following language, formulated the standard for materiality of an omitted fact:
 
 
 3
 (A)n omitted fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote. This standard is fully consistent with Mills general description of materiality as a requirement that "the defect have a significant propensity to affect the voting process." It does not require proof of a substantial likelihood that disclosure of the omitted fact would have caused the reasonable investor to change his vote. What the standard does contemplate is a showing of a substantial likelihood that, under all the circumstances, the omitted fact would have assumed actual significance in the deliberations of the reasonable shareholder. Put another way, there must be a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available. . . .
 
 
 4
 This Court in Woolf v. S. D. Cohn & Company, 1975, 5 Cir., 515 F.2d 591, 614 had used the following test:
 
 
 5
 It follows that they must show that the omissions or misrepresentations of information that make the § 4(2) exemption unavailable to the defendants, in their cumulative effect, were such that a reasonable investor, had the information registration would have afforded been available, might have considered them important in the making of his investment decision. They need not show that they themselves would have relied on the information the defendants failed to disclose. Affiliated Ute Citizens of the State of Utah v. United States, 1972, 406 U.S. 128, 92 S.Ct. 1456, 31 L.Ed.2d 741. . . .
 
 
 6
 In TSC Industries the Supreme Court expressly rejected the might formulation as "too suggestive of mere possibility, however unlikely".
 
 
 7
 In TSC Industries the Supreme Court also pointed out that:
 
 
 8
 The determination (of materiality) requires delicate assessments of the inferences a "reasonable shareholder" would draw from a given set of facts and the significance of those inferences to him, and these assessments are peculiarly ones for the trier of fact. Only if the established omissions are "so obviously important to an investor, that reasonable minds cannot differ on the question of materiality" is the ultimate issue of materiality appropriately resolved "as a matter of law" by summary judgment.
 
 
 9
 Accordingly, we vacate our judgments in this cause and remand the case to the district court for reconsideration in the light of TSC Industries v. Northway, Inc. The district court may decide the matter on the original record or, in its discretion, conduct a hearing on the materiality of the defendants' alleged misrepresentations and omissions.
 
 
 10
 VACATED and REMANDED.