Richard B. SHOFSTALL, Jr., on behalf of himself and all others similarly situated, Plaintiff,

v.

ALLIED VAN LINES, INC., and Price Waterhouse & Co., et al., Defendants.

No. 74 C 2067.

United States District Court, N. D. Illinois, E. D.

Aug. 8, 1978.

Stuart K. Taussig, Steven H. Mora, Stuart Smith and Judith L. Libby, Taussig, Wexler & Shaw, Ltd., Chicago, Ill., for plaintiff.

William F. Koegel, James M. Ringer, Richard A. Cirillo, Rogers & Wells, New York City, for Allied Van Lines, Inc.

Frank Cicero, Steven D. McCormick and Thomas Y. Davies, Kirkland & Ellis, Chicago, Ill., for Price Waterhouse & Co.

BUA, District Judge.

## ORDER

This cause comes before the court on plaintiff's motion for summary judgment pursuant to Rule 56(c), Fed.R.Civ.P., on the issue of the defendants' liability under: 1) Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b) (1977)); and Rule 10b–5 promulgated thereunder (17 C.F.R. § 240.10b–5 (1977)); 2) Sections 214 and 20a(11) of the Interstate Commerce Act of 1920 (49 U.S.C. §§ 314, 20a(11) (1978)), and; 3) Section 12 of the Illinois Securities Law of 1953 (*Ill.Rev.Stat.*, ch. 121½, § 137.- 12 (1978)). The defendant Price Waterhouse & Co. (hereafter Price Waterhouse) has filed a cross motion for summary judgment on the issue of its liability under the above statutory provisions as well as under the plaintiff's common law claims of fraud and breach of fiduciary duty.

Count I of the plaintiff's complaint was brought pursuant to Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder, to recover damages allegedly sustained by the plaintiff and persons similarly situated as a result of the defendants' alleged omissions and misrepresentations of material fact in connection with the sale of Allied Van Lines, Inc.'s Class B stock during the period December 31, 1969 to April 1, 1974. In Counts II and V of his complaint plaintiff alleges that the issuance and sale of the Class B stock failed to comply with Sections 214 and 20a(11) of the Interstate Commerce Act of 1920 and Section 12 of the Illinois Securities Law of 1953, respectively. Plaintiff further alleges in Counts III and IV, respectively, that the defendants violated their common law fiduciary duty to him and perpetrated a common law fraud upon him in connection with the sale of the above-mentioned stock.[1]

The Class B common stock of Allied Van Lines, Inc. (hereafter Allied) was issued to its agents on December 31, 1969 pursuant to a recapitalization plan approved by its shareholder agents on May 24, 1969 and by the Interstate Commerce Commission (hereafter I.C.C.) on October 2, 1969 subject to ". . . a restriction against the payment of dividends until the overcapitalization [of nearly three million dollars] has been eliminated, unless hereafter authorized by this Commission." 334 I.C.C. 726, 732 (1969); Exhibit Book: A Part of Plaintiffs' Motion for Summary Judgment, Exhibit A. Allied then filed a Form 10 Registration Statement covering its Class B stock with the Securities and Exchange Commission

---

1. The class action instituted by plaintiff Richard B. Shofstall, Jr. was certified only as to Count I of the complaint which alleges violations of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder, and only as to persons who purchased Allied's Class B stock in the over-the-counter market between December 31, 1969 and April 1, 1974. Memorandum Opinion and Order, June 30, 1976 at 7 n.2, 20.

pursuant to § 12(g) of the Securities Exchange Act of 1934 (15 U.S.C. § 78*l*(g) (1977)). The registration statement did not, however, disclose the existence of the restriction on dividends and affirmatively described the Class B stock as ". . . entitled to dividends, if any, when declared by the Board of Directors . . ." *See* Plaintiffs' Exhibit Book, Exhibit B at 12. The Annual Reports disseminated by Allied to its shareholders and made available to the public for the years 1970 through 1972 similarly stated in a section entitled "Notes to Financial Statements" that Class B stock was entitled to dividends if and when declared by the board of directors but failed to mention the dividend restriction. *See* Plaintiffs' Exhibit Book, Exhibits C–1, C–2 and C–3. The defendant Price Waterhouse certified Allied's financial statements for said three year period but failed to disclose the existence of the dividend restriction until March 29, 1974 (the publication date of Allied's 1973 Annual Report) in spite of the fact that it had requested and received a copy of the I.C.C. order in March of 1970 and was required by its own auditing standards to report such restrictions. *See* Exhibit Book: A Part of Plaintiffs' Motion for Summary Judgment, Exhibit I–5 at 69 (deposition of Aidan I. Mullett, a partner of Price Waterhouse & Co.).

During the period of December 31, 1969 to April 1, 1974, Allied's Class B stock was traded in the over-the-counter market by Allied agents and employees and was bought and sold by members of the general public. *See* Memorandum of Law In Support of Motion for Summary Judgment as to the Liability of Allied Van Lines, Inc., Its Officers and Directors and Price Waterhouse & Co. at 2; Memorandum of Law on Behalf of Defendant Allied Van Lines, Inc. and the Individual Defendants In Opposition to Plaintiff's Motion for Summary Judgment at 10. Plaintiff Richard B. Shofstall, Jr. is one of the persons who purchased Allied's Class B stock during this

period, stating that he would not have purchased the stock if he had been aware of the I.C.C.'s restriction against dividends.[2]

Rule 56(c), Fed.R.Civ.P., provides that summary judgment is appropriate only if there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 467, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962); *Staren v. American National Bank & Trust Company of Chicago,* 529 F.2d 1257, 1260 (7th Cir. 1976). The question before this Court is thus whether the facts established by the parties in their affidavits, depositions and exhibits entitle either side to judgment as a matter of law on the issue of liability.

## I.

The first question raised by the parties in their respective motions is whether summary judgment is appropriate on Count I of the complaint with respect to the issue of the defendants' liability under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder.

In order to grant summary judgment on the issue of the defendants' liability under § 10(b) and Rule 10b–5 it must be shown that the statements they made in connection with the sale of Allied's Class B stock contained material misrepresentations or omitted facts which rendered them materially misleading as a matter of law. *Sundstrand Corporation v. Sun Chemical Corporation,* 553 F.2d 1033, 1040 (7th Cir. 1977), *cert. denied,* 434 U.S. 875, 98 S.Ct. 225, 54 L.Ed.2d 155 (1977). *See TSC Industries, Inc. v. Northway, Inc.,* 426 U.S. 438, 453, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976). It is undisputed that Allied's Registration Statement and 1970, 1971 and 1972 Annual Reports stated that its Class B stock was entitled to dividends if and when declared by the board of directors but did not dis-

---

**2.** Richard B. Shofstall, Jr. purchased 3,500 shares of Allied's Class B stock between June 13, 1972 and February 15, 1973 at a total purchase price of $35,700. He eventually sold 3,300 shares at a loss of $20,468.50. *See* Plaintiffs' Exhibit Book, Exhibit G at 2 (affidavit of Richard B. Shofstall, Jr.).

close that the payment of dividends was prohibited by the I.C.C. Plaintiffs also allege that oral misrepresentations regarding the feasibility of declaring dividends were made by Allied defendants during the period that the dividend restriction was imposed. *See* Plaintiffs' Memorandum of Law In Support of Motion for Summary Judgment at 3–4; Plaintiffs' Exhibit Book, Exhibits D (affidavit of Ralph Wanger) and E (affidavit of William Goldstein).

In determining whether the statements that the stock was entitled to or likely to generate dividends are untrue or the omission of the dividend restriction is misleading, the standard to be used is whether, in light of the facts existing at the time the reports were made, the reasonable investor would have been mislead by them. *Securities and Exchange Commission v. Texas Gulf Sulphur Co.,* 401 F.2d 833, 863 (2nd Cir. 1968), *cert. denied sub nom. Coates v. Securities and Exchange Commission,* 394 U.S. 976, 89 S.Ct. 1454, 22 L.Ed.2d 756 (1969).

Applying the "reasonable investor" standard to the facts of this case, it appears that the defendants' omission of the I.C.C.'s restriction against dividends was misleading in light of the defendants' affirmative representations that the stock was entitled to dividends when declared by the board of directors. But even if the defendants' statements and omissions are held misleading as a matter of law, summary judgment is inappropriate since a question remains as to whether the representations and omissions are "material" within the meaning of Rule 10b–5.

The issue of materiality under the Securities Exchange Act of 1934 has been characterized by the Supreme Court as a mixed question of law and fact. *TSC Industries, Inc. v. Northway, Inc.,* 426 U.S. 438, 450, 96 S.Ct. 2126, 2133, 48 L.Ed.2d 757 (1976).[3]

Because the determination of materiality requires "delicate assessments of the inferences a 'reasonable [investor]' would draw from a given set of facts and the significance of those inferences to him . . . these assessments are peculiarly ones for the trier of fact." *Id.* Hence, the issue of materiality can be resolved "as a matter of law" by summary judgment "[o]nly if the established omissions [or representations] are 'so obviously important to an investor, that reasonable minds cannot differ on the question of materiality . . .'" *TSC Industries, Inc. v. Northway, Inc.,* 426 U.S. at 450, 96 S.Ct. at 2133; *quoting John Hopkins University v. Hutton,* 422 F.2d 1124, 1129 (4th Cir. 1970).

Applying the above standard to the facts of this case, it is evident that summary judgment is inappropriate on the issue of the defendants' liability under Rule 10b–5 since a genuine question regarding the materiality of the defendants' statements and omissions is raised by the parties. Plaintiffs allege that they would not have purchased the Class B stock if they had been aware of the fact that Allied was prohibited from paying dividends on the stock for an indefinite period. *See* Plaintiffs' Memorandum of Law In Support of Motion for Summary Judgment at 14; Plaintiffs' Exhibit Book, Exhibit G at 2. Defendants, however, characterize the dividend restriction imposed by the I.C.C. as "academic" and readily removable in the event that the board of directors decided to declare a dividend. *See* Memorandum of Law on Behalf of Defendant Allied Van Lines, Inc. and the Individual Defendants In Opposition to Plaintiff's Motion for Summary Judgment at 17; Response of Price Waterhouse & Co. to Plaintiff's Motion for Summary Judgment at 7. They assert that the I.C.C. informally conceded that the computations it used in determining that Allied was over-

---

**3.** *TSC Industries* applied the standard of materiality in the context of Section 14(a) of the Securities Exchange Act of 1934 (15 U.S.C. § 78n(a) (1978)). However, it is generally agreed that the same standard applies under Section 10(b) and Rule 10b–5. *See Joyce v. Joyce Beverages, Inc.,* 571 F.2d 703, 706–07 n. 6 (2nd Cir. 1978); *Sundstrand Corporation v. Sun Chemical Corporation,* 553 F.2d 1033, 1040 (7th Cir. 1977), *cert. denied,* 434 U.S. 875, 98 S.Ct. 225, 54 L.Ed.2d 155 (1977); *Woolf v. S. D. Cohn & Co.,* 546 F.2d 1252, 1253 (5th Cir. 1977), *cert. denied,* 434 U.S. 831, 98 S.Ct. 115, 54 L.Ed.2d 91 (1977).

capitalized were probably in error and hence subject to correction upon Allied's reapplication for approval of its stock issuance. A supplemental order dated June 28, 1974 was in fact issued upon Allied's reapplication to the I.C.C. four years later which removed the restriction against the payment of dividends on the grounds of Allied's earlier objection. *See* Memorandum on Behalf of Allied Van Lines, Inc. and the Individual Defendants In Opposition to Plaintiff's Motion for Summary Judgment at 14, 16–17; Exhibits Submitted on Behalf of Allied Van Lines, Inc. and the Individual Defendants In Opposition to Plaintiff's Motion for Summary Judgment, Exhibit 13.

■ Since a genuine issue of material fact is raised by the parties in their respective memoranda and supplemental exhibits, summary judgment is inappropriate at this time, particularly in light of the stringent requirements governing summary judgment under the Securities Exchange Act of 1934.[4]

■ Plaintiffs also assert in Count I of their complaint that Allied had an insider's policy of not declaring dividends on its Class B stock which the defendants were aware of and hence had an affirmative duty to disclose. According to the plaintiffs, the defendants' failure to disclose the alleged insider's policy violated § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5.

Plaintiffs cite the testimony of Allied's general counsel and several of its officers for the proposition that the corporation operated under the assumption that no dividends would be paid on its Class B stock for many years. *See* Plaintiffs' Memorandum In Support of Its Motion for Summary Judgment at 4, 25; Plaintiffs' Exhibit Book, Exhibits F–1 at 54–55, 100 (Tallant deposition), F–2 at 17–20 (Calzaretta deposition) and F–3 at 18–22, 26, 30–31, 52–54, 74 (Ford deposition). Defendants, however, cite the testimony of the same individuals in support of their position that Allied reviewed the subject of dividends on a periodic basis and never had occasion to formulate or adopt an established dividend policy. *See* Memorandum of Defendant Allied Van Lines, Inc. and the Individual Defendants In Opposition to Plaintiff's Motion for Summary judgment at 36–38. According to the defendants, the statement in Allied's proxy statements, registration statement, I.C.C. application and annual reports that the primary purpose of the recapitalization was the retention of earnings to eliminate its working capital deficiency was sufficient to prevent any reasonable expectation of dividends on the part of public investors. *See* Memorandum of Allied Van Lines, Inc. In Opposition to Plaintiffs' Motion for Summary Judgment at 38; Exhibits Submitted on Behalf of Allied Van Lines, Inc., Exhibit 7 at 135–38 (Goldstein deposition).

The conflicting interpretations of testimony offered by the parties creates a genuine issue of fact as to the existence of a company policy prohibiting the declaration of dividends to which only insiders were privy. Summary judgment on the issue of the defendants' liability under Rule 10b–5 for failing to disclose Allied's alleged insider policy against dividends is hence inappropriate at this time. Plaintiffs' motion and defendant Price Waterhouse's cross motion

---

4. Additional issues raised in the parties' cross motions for summary judgment under § 10(b) and Rule 10b–5 include whether the defendants possessed sufficient "intent to deceive, manipulate or defraud" to subject them to liability, *Ernst & Ernst v. Hochfelder,* 425 U.S. 185, 194 n. 12, 96 S.Ct. 1375, 1381, 47 L.Ed.2d 668 (1976), and whether the plaintiffs relied upon the defendants' alleged misrepresentations and omissions in a manner sufficient to establish a causal relationship between the plaintiffs' purchase of the Class B stock and the alleged unlawful activities of the defendants. With respect to the issue of scienter, it should be noted that questions of knowledge and intent are particularly inappropriate for disposition on a motion for summary judgment. *Staren v. American National Bank & Trust Company of Chicago,* 529 F.2d 1257, 1261 (7th Cir. 1976); *Astor v. Texas Gulf Sulphur Company,* 306 F.Supp. 1333, 1344 (S.D.N.Y.1969). These issues need not be resolved at this time since a genuine issue of material fact regarding the materiality of the defendants' alleged omissions and misrepresentations exists, precluding a grant of summary judgment on the parties' cross motions.

for summary judgment are accordingly denied on the issue of liability with respect to Count I.

## II.

█ With respect to Count II of the complaint, plaintiff Shofstall and defendant Price Waterhouse move for summary judgment on the issue of whether Sections 214 and 20a(11) of the Interstate Commerce Act of 1920 have been violated by Allied's issuance of its Class B stock and Price Waterhouse's certification of Allied's 1970, 1971 and 1972 Annual Reports.

Sections 214 and 20a(11) of the Interstate Commerce Act of 1920 (49 U.S.C. §§ 314, 20a(11) (1978)), provide that securities of common carriers that are issued without requisite Interstate Commerce Commission authorization or contrary to the terms or conditions of such authorization are void. Section 20a(11) renders the carriers and their directors, officers and agents who participate in the unauthorized issuance or sale of such securities liable for the damages sustained by any person who acquired the securities " . . . for value and in good faith and without notice that the issue . . . is void." 49 U.S.C. § 20a(11) (1978); *Missouri-Kansas-Texas Railroad Company v. Mars,* 278 U.S. 258, 260, 49 S.Ct. 103, 73 L.Ed. 316 (1929); *Friedman v. Chesapeake and Ohio Railway Company,* 261 F.Supp. 728, 733 (S.D.N.Y.1966), aff'd, 395 F.2d 663 (2nd Cir. 1968).

Plaintiff apparently contends that the issuance of Allied's Class B stock without disclosure of the dividend restriction imposed by the I.C.C. contravened the terms of the I.C.C.'s Order of October 2, 1969 and was therefore void as a matter of law. There is no support in the record and no authority cited by plaintiff for this position. In fact, the I.C.C.'s order expressly authorizes the issuance of Allied's stock, subject to a restriction against the payment of dividends until its overcapitalization is eliminated or the I.C.C. otherwise authorizes dividends to be declared. 334 I.C.C. 726, 732, 735 (1969). *See Fischer v. Kletz,* 249 F.Supp. 539, 541 (S.D.N.Y.1967). Since the

issuance of the stock was approved by the I.C.C. no violation of § 20a(11) is established. *Dorfman v. First Boston Corporation,* 336 F.Supp. 1089, 1098 (E.D.Pa.1972); *Fischer v. Kletz,* 249 F.Supp. at 541.

It was not the issuance of Allied's securities that the I.C.C. prohibited but rather the payment of dividends by its board of directors. Section 20a(3) of the Interstate Commerce Act expressly confers upon the Commission the power to attach conditions to its orders. 49 U.S.C. § 20a(3) (1978); *Chicago South Shore and South Bend Railroad v. United States,* 221 F.Supp. 106, 108 (N.D.Ind.1963). The I.C.C. order does not require the disclosure of the restriction on dividends as a prerequisite to the valid issuance of the stock. Furthermore, in compliance with the I.C.C. order, dividends were never declared by the board of directors during the period that the restriction was imposed. It would thus appear that there has been literal compliance with § 20a(11).

Plaintiff's characterization of Allied as the "carrier" responsible for issuing the "void" securities and Price Waterhouse as an "agent" who participated in the " . . . authorizing, issuing, hypothecating, or selling of the security so made void . . . ." is clearly inapposite since the issuance of the Class B stock was authorized by the I.C.C. and was therefore valid under § 20a(11). *See Dorfman v. First Boston Corporation,* 336 F.Supp. 1089, 1098 (E.D. Pa.1972). The directors and officers of Allied who participated in the issuance and sale of the stock are likewise exonerated from liability under § 20a(11) by the fact that the stock was authorized by the I.C.C. *Id.* It follows that no violation of §§ 214 and 20a(11) by the defendants is established.

Plaintiff Shofstall's motion for summary judgment on the issue of the defendants' liability under §§ 214 and 20a(11) of the Interstate Commerce Act is accordingly denied. Defendant Price Waterhouse's cross motion for summary judgment on Count II of plaintiff's amended complaint is granted for the reasons previously stated.

With respect to Count V of the complaint, the parties raise the question of whether a violation of the Illinois Securities Law of 1953 is established as a matter of law by the undisputed facts before the court, thus warranting a grant of summary judgment.

Section 12 of the Illinois Securities Law of 1953 (*Ill.Rev.Stat.*, ch. 121½, § 137.12 (1978)) covers virtually the same violations as § 10(b) of the Securities Exchange Act of 1934 and Rule 10b–5 promulgated thereunder. *Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123, 127 (7th Cir. 1972).

Plaintiff Shofstall seeks to rescind the sale of Allied's Class B stock to him pursuant to *Ill.Rev.Stat.*, ch. 121½, § 137.13 (1978) on the ground that it was sold in violation of the Illinois Securities Law of 1953. Since an action under the Illinois Securities Act is wholly statutory in nature, it differs from the federal securities laws in failing to provide an implied remedy for damages equivalent to the rescissionary amount. *Rotstein v. Reynolds & Co.*, 359 F.Supp. 109, 113 (N.D.Ill.1973). *See Burkhart v. Allson Realty Trust*, 363 F.Supp. 1286, 1290 (N.D.Ill.1973); *Tobey v. NX Corporation*, 25 Ill.App.3d 205, 211, 323 N.E.2d 30, 37–38 (1974). The only civil remedy provided by the Illinois statute is therefore actual rescission of the sale of securities. *Rotstein v. Reynolds & Co.*, 359 F.Supp. at 113.

The prerequisities for rescission of a sale of securities by a purchaser under the Illinois Act are: 1) written notice of his election to rescind to each party from whom recovery is sought within six months of learning that the sale to him is voidable, and; 2) tender to the seller or into court of the securities purchased. *Ill.Rev.Stat.*, ch. 121½, §§ 137.13 A, B (1978). If a prospective plaintiff has sold the securities he purchased he cannot satisfy the statutory requirement of "tender to the seller or into court," and is thus precluded from recovery

under the statute. *Rotstein v. Reynolds & Co.*, 359 F.Supp. 109, 113 (N.D.Ill.1973); *Tobey v. NX Corporation*, 25 Ill.App.3d 205, 211, 323 N.E.2d 30, 37 (1974). Since plaintiff Shofstall has retained 200 of the 3,500 shares of Allied's Class B stock that he originally purchased, he is capable of recovering under the statute.

Plaintiff Shofstall asserts that he has complied with the notice provision of the Illinois Securities Law by sending a letter to the defendants on September 5, 1974 which informed them of his intention to avoid the sales of Allied's securities to him. *See* Plaintiffs' Memorandum In Support of Motion for Summary Judgment at 32; Plaintiffs' Exhibit Book, Exhibit O. Although the defendants argue that the plaintiff failed to comply with the notice requirements of § 137.13 B, they fail to specify in what respect said notice was defective. Moreover, the fact that the complaint was apparently filed within six months of the date the plaintiff discovered that the sale might be voidable has been held sufficient under the statute to notify defendants of a plaintiff's election to avoid the sale of stock. *See Norville v. Alton Bigtop Restaurant, Inc.*, 22 Ill.App.3d 273, 284, 317 N.E.2d 384, 391 (1974).

Section 137.13 A of the Illinois Securities Law restricts the class of potential defendants to ". . . the issuer, controlling person, underwriter, dealer or other person by or on behalf of whom said sale was made, and each underwriter, dealer or salesman who shall have participated or aided in any way in making such sale . . ." *Ill.Rev.Stat.*, ch. 121½, § 137.13 A (1978).

"Person" is defined in § 137.2–3 of the statute to include a partnership. However, the plaintiff has neither alleged that the partnership of Price Waterhouse owned, held or sold Allied common stock nor introduced evidence that the stock was sold [5] on

---

**5.** It is interesting to note in this respect that "sale" is defined in § 137.2–5 to exclude ". . . the circulation or publication of an identifying statement or circular or preliminary

prospectus . . ." *Ill.Rev.Stat.*, ch. 121½, § 137.2–5 (1978). Defendant Price Waterhouse is charged with violating the Illinois Act by

behalf of the partnership. Hence, defendant Price Waterhouse falls outside the ambit of the statute in this case. Summary judgment on Count V of plaintiff's complaint is accordingly granted to Price Waterhouse.

The remaining defendants, namely Allied and its directors and officers, also fall within the category of persons ostensibly covered by the statute. "Issuer" is defined in § 137.2–2 of the statute as "every person who shall have issued or proposes to issue any security." Since "person" is defined to include corporations, Allied clearly falls within this classification. *Ill.Rev.Stat.*, ch. 121½, § 137.2–3 (1978). Moreover, § 137.13 A provides that if the issuer of the securities is a corporation, then " . . . each of its officers and directors (or persons performing similar functions) who shall have participated or aided in making such sale, shall be jointly and severally liable to such purchaser . . . " *Ill.Rev.Stat.*, ch. 121½, § 137.13 A (1978).

■ Since § 137.12 G of the Illinois Securities Law of 1953 and Rule 10b–5 of the Securities Exchange Act of 1934 are virtually identical in making unlawful any "untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made . . not misleading," the question of materiality previously discussed under Count I of the complaint precludes a grant of summary judgment on the issue of the Allied defendants' liability at this time. *Ill.Rev.Stat.*, ch. 121½, § 137.12 G (1978). 17 C.F.R. § 240.-10b–5 (1977); *Hidell v. International Diversified Investments*, 520 F.2d 529, 536 n.14 (7th Cir. 1975). *See Parrent v. Midwest Rug Mills, Inc.*, 455 F.2d 123, 127 (7th Cir. 1972); *Norville v. Alton Bigtop Restaurant, Inc.*, 22 Ill.App.3d 273, 280, 317 N.E.2d 384, 388 (1974).

## III.

Finally, defendant Price Waterhouse has moved for summary judgment on Counts III and IV of the complaint, which allege that the defendants breached their common law fiduciary duty to the plaintiff and perpetrated a common law fraud upon him in connection with the sale of Allied's Class B stock.

Plaintiff asserts in Count III that the accounting firm of Price Waterhouse & Co. owed a duty to him as a prospective investor to disclose information of Allied's alleged insider policy against dividends and the I.C.C.'s restriction against dividends in its 1970, 1971 and 1972 audit reports.

■ The common law liability of an independent public accountant for nondisclosure of pertinent information relating to the financial condition of an audited enterprise is generally predicated upon either negligent misrepresentation or fraud. *See Hochfelder v. Ernst & Ernst*, 503 F.2d 1100, 1107 (7th Cir. 1974), *rev'd* 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976)[6]; *Herzfeld v. Laventhol, Krekstein, Horwath & Horwath*, 378 F.Supp. 112, 131 (S.D.N.Y. 1974), *aff'd in part and rev'd in part* 540 F.2d 27 (2nd Cir. 1976); *Fischer v. Kletz*, 266 F.Supp. 180, 188–89 (S.D.N.Y.1967); *Milliner v. Elmer Fox & Co.*, 529 P.2d 806 (Utah 1974); *MacNerland v. Barnes*, 129 Ga.App. 367, 199 S.E.2d 564 (1973); *Aluma Kraft Manufacturing Company v. Elmer Fox & Co.*, 493 S.W.2d 378 (Mo.App.1973).

In the absence of intentional misrepresentation or fraud, the general rule has been that an accountant is not liable for negligence in the preparation of a certified financial report to a third party not in privity with him. *Hochfelder v. Ernst & Ernst*, 503 F.2d at 1107 and cases cited therein. *See Ultramares Corporation v. Touche*, 255 N.Y. 170, 174 N.E. 441 (1931). *See also Stephens Industries, Inc. v. Has-*

certifying annual reports of Allied that were circulated to potential investors.

**6.** Although the Supreme Court reversed the Seventh Circuit's holding that a finding of negligence justified the imposition of liability under Rule 10b–5 of the Securities Exchange Act of 1934, it did not disturb the court's analysis of the common law duty of inquiry owed by a public accountant to third parties. *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 192 n. 9, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976).

*kins and Sells*, 438 F.2d 357 (10th Cir. 1971). However, an increasing number of courts have extended the limits of an accountant's liability for negligence to non-privy third parties who, " . . . although not themselves foreseen, are members of a limited class whose reliance on the financial statements is specifically foreseen." *Hochfelder v. Ernst & Ernst*, 503 F.2d at 1107 and cases cited therein.

Since no fiduciary relationship existed between the plaintiff and defendant Price Waterhouse as a matter of law, the burden is on the plaintiff to allege facts establishing the existence of such a relationship. *See Eklund v. De Jong*, 31 Ill. App.2d 40, 175 N.E.2d 606 (1961). Although the plaintiff alleges that the defendant Price Waterhouse breached its "fiduciary duty" to him by failing to disclose the I.C. C.'s prohibition against dividends and Allied's alleged insider policy against dividends, no facts are stated which lead to the inference that such a relationship existed between himself and the accounting firm. Plaintiff further alleges that Price Waterhouse knew of the restrictions against dividends and intentionally omitted such information in Allied's certified annual reports. Plaintiff does not characterize his cause of action as one arising from negligence, choosing instead to emphasize Price Waterhouse's knowledge and intent to mislead. These allegations state a claim for intentional misrepresentation and nondisclosure rather than negligent nondisclosure and will therefore be discussed in conjunction with Count IV of the complaint. Since plaintiff has failed to cite any authority for the proposition that a fiduciary relationship existed between himself and Price Waterhouse and has merely alleged in a general sense that the defendant breached such a duty, defendant Price Waterhouse's motion for summary judgment on Count III of the amended complaint is granted.

Plaintiff asserts in Count IV that defendant Price Waterhouse knew of the I.C.C.'s prohibition against dividends and Allied's "insider policy" against dividends yet intentionally omitted such information when it certified Allied's 1970, 1971, and 1972 annual reports.

The basic elements of a cause of action for common law fraud and deceit under Illinois law are six in number: the defendant must make (1) a false representation of (2) a material (3) fact (4) with knowledge of the falsity at the time the statement is made and the expectation that the plaintiff will rely upon it; (5) the plaintiff must justifiably rely upon the statement and (6) sustain damages as a consequence. *Burkhart v. Allson Realty Trust*, 363 F.Supp. 1286, 1291 (N.D.Ill.1973); *Wilhoite v. Fastenware, Inc.*, 354 F.Supp. 856, 858 (N.D.Ill.1973).

The certification of financial statements by a public accountant may be actionably fraudulent where he expresses an opinion which he knows not to be true, or expresses an opinion under such circumstances that the law must impute knowledge of its falsity to him. *See Fischer v. Kletz*, 266 F.Supp. 180 (S.D.N.Y.1967); *Rusch Factors, Inc. v. Levin*, 284 F.Supp. 85 (D.R.I.1968); *Shatterproof Glass Corporation v. James*, 466 S.W.2d 873 (Tex.Civ.App. 1971); Annot., 46 A.L.R.3d 979, 983 (1972). Whether an opinion expressed in a particular case is fraudulent is, of course, a question of fact. Annot., 46 A.L.R.3d 979, 983 (1972).

According to the plaintiff, defendant Price Waterhouse's intentional omission of information relating to Allied's and the I.C. C.'s restrictions against dividends renders it liable to members of the investing public who relied on its auditing reports in purchasing shares of Allied's common stock. Price Waterhouse's denial that it possessed knowledge of the I.C.C.'s dividend prohibition or of Allied's insider policy creates a genuine issue of fact as to its knowledge and intent to mislead potential investors of Allied's stock. Since questions of intent are particularly inappropriate for disposition on a motion for summary judgment, *Peoples Outfitting Co. v. General Electric Credit Corp.*, 549 F.2d 42, 45 (7th Cir. 1977); *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 663 n.3 (7th Cir. 1976); *Johnson v. Botica*,

537 F.2d 930, 937 (7th Cir. 1976); *Fitzsimmons v. Best*, 528 F.2d 692, 694 (7th Cir. 1976); *Conrad v. Delta Air Lines, Inc.*, 494 F.2d 914, 918 (7th Cir. 1974), defendant Price Waterhouse's motion for summary judgment on Count IV of plaintiff's complaint is premature. In this case, the defendant's knowledge is critical to the determination of whether it intentionally failed to disclose information regarding dividends and thereby mislead public investors.

The motion of defendant Price Waterhouse for summary judgment on Count IV of plaintiff's complaint is accordingly denied.

In summary:

1. Plaintiff's motions and defendant Price Waterhouse's cross motions for summary judgment on the issue of the defendants' liability under Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder are denied;

2. Plaintiff Shofstall's individual motion for summary judgment on the issue of the defendants' liability under Sections 214 and 20a(11) of the Interstate Commerce Act of 1920 is denied, and defendant Price Waterhouse's cross motion for summary judgment on the issue of its liability under said provisions of the Interstate Commerce Act is granted;

Similarly, plaintiff Shofstall's individual motion for summary judgment on the issue of the defendants' liability under Section 12 of the Illinois Securities Law of 1953 is denied, and defendant Price Waterhouse's cross motion for summary judgment on the issue of its liability under said statutory provision is granted, and;

3. Defendant Price Waterhouse's motion for summary judgment on the issue of its liability for breach of its alleged common law fiduciary duty to plaintiff Shofstall is granted, and its motion for summary judgment on the issue of its liability for fraud in connection with the sale of Allied's stock is denied.